ADALINE O. HANSON *versus* THOMAS F. MILLETT.

By the laws of this State, a husband acquires no right to control the personal property of his wife, by virtue of the marriage relation.

Whether such property consist of household furniture kept in her husband's house, or of stock kept on his farm, the wife is deemed to be in possession of it, in the same manner that the husband is of his property kept in the same manner.

The natural increase of a mare, while thus owned and possessed by a married woman, belongs to the wife.

Delivery is an essential element to be proved in establishing a title by gift.

The naked declarations of the husband, as to the ownership of personal property claimed by the wife, are inadmissible.

ON EXCEPTIONS.

REPLEVIN for a colt. Plea, the general issue, with a brief statement denying the property to be in the plaintiff, and alleging it to be in one George S. Hanson.

Tried by the Court, with leave for either party to except.

The Court found the facts to be, that the plaintiff was married to Jesse Hanson, the father of George S. Hanson, in Dec., 1856, that before, and, at that time, she owned the mare, the mother of the colt in dispute; that, at the time of the marriage, she carried this mare, with other personal property, to her husband's house; that this property was turned in with his property and used in common; that this mare was used upon the farm and controlled by plaintiff's husband; her husband died in August, 1866; that, from the time of her marriage until the death of her husband, she lived with him upon his farm and was maintained by him; that she owned a farm distant about three miles from her husband's farm; that her husband carried on her farm; that the hay and produce of her farm was taken by him, carried home and used upon his farm, the hay put into the barn with the hay from his farm, and the hay from both farms fed to all the stock without distinction; that her husband sold a portion of the cattle carried there by her, and their increase, and used the proceeds, and that there was no distinction

made between her property and the property of her husband; that, at the time of her marriage, she had a son, James Farnham, and that her husband had a son, George S. Hanson, of about the same age; that both boys lived with her and her husband and formed a part of the family from the time of her marriage to the death of her husband; that the mare before mentioned had two colts during the time she lived with her husband; the first one was called in the family James' colt; the plaintiff told George S. Hanson, before the second colt was foaled, that it should be his. After the colt was foaled, without any delivery other than the following facts show on the part of the plaintiff, it was always called by the plaintiff and the family generally George's colt, up to the time of his father's death. George called the colt his. The colt was kept upon the father's farm all the time, fed from the produce of the plaintiff's and her husband's farms the same as the other stock, but that George usually took care of this colt, that he got it shod, and drove it usually as he wished. The colt was foaled in the spring of 1862.

Since the death of her husband, the plaintiff has sold the colt called James' and taken the pay for it. At the time the second colt was foaled, George was about fifteen years old. George took the colt in the month of September, 1866, and delivered it to the defendant, who refused to deliver it to the plaintiff on demand.

After the material part of the foregoing testimony was out, the defendant offered to prove the declaration of Jesse Hanson, the plaintiff's husband, in relation to the ownership of the colt; the plaintiff objected, and the Court excluded the evidence.

Upon these facts the Court ruled that the mare, the mother of this colt, continued the property of the plaintiff during the time she was the wife of Jesse Hanson; that the increase of the mare, including this colt, became her property, and that there was not sufficient evidence of a delivery of the colt to George S. Hanson, to authorize the Court to infer a gift of said colt by the plaintiff to said George.

To the foregoing rulings in matters of law, and to the exclusion of the evidence offered by the defendant, the defendant alleged exceptions.

*Hackett,* for the defendant.

According to the laws of this State, " a woman having property is not deprived of any part of it by her marriage." R. S., c. 61, § 2; Laws 1844, c. 117, §§ 2, 3; *Swift* v. *Luce,* 27 Maine, 285; *Southard* v. *Plumer & al.,* 36 Maine, 64. Nor of that which she acquires after marriage. *Southard* v. *Piper,* 36 Maine, 84; Laws 1847, c. 27. She may acquire property after marriage by "descent, gift or purchase." Laws 1844, c. 117, § 1; R. S., c. 61, § 1. Or by her personal labor performed for other than her own family. Laws 1857, c. 59. The law, (unless by implication,) does not confer upon her the right of acquiring property by accession. *Swift* v. *Luce,* 27 Maine, 285; *Howe & al.* v. *Wildes & ux.,* 34 Maine, 566; *Southard* v. *Piper,* 36 Maine, 84; Bouv. Law Dict., "Purchase"; Laws Mississippi, 1839, c. 46; *Grand Gulf Bank* v. *Barnes,* 2 S. & M., 165; *Beatty* v. *Smith,* 2 S. & M., 567; *Boynton* v. *Finnal,* 4 S. & M., 193; *Bullard & ux.* v. *Russell,* 33 Maine, 196; Laws of Maine, 1848, c. 73. She may release the control of her property to her husband. Laws 1844, c. 117, § 3; R. S., c. 61, § 2; *Kneeland* v. *Fuller,* 51 Maine, 518.

If he has the right of control and occupancy generally, at the time the accession takes place, such accession becomes his, although the property may remain hers, and she have the right to terminate his control at any time. 2 Blackstone's Com., c. 26, "Accession"; *Wood* v. *Ash,* Owen's Rep., 139; *Putnam* v. *Wyley,* 8 Johns., 432.

The law does not declare that a woman's rights in her property, or her right of acquiring property, shall not be affected by her marriage. They are affected by the common law disabilities, which have not been removed. Laws 1848, c. 73; *Swift* v. *Luce,* 27 Maine, 285; Laws 1857, c. 59; *Bradbury* v. *Andrews & trustee,* 37 Maine, 199;

*Merrill* v. *Smith*, 37 Maine, 394; Laws 1866, c. 52; *Davis* v. *Millett & ux.*, 34 Maine, 429; *Howe & al.* v. *Wildes & ux.*, 34 Maine, 566; *Fuller* v. *Bartlett*, 41 Maine, 241; *Brookings* v. *White*, 49 Maine, 479.

She loses the right of fixing her own residence. She is bound to follow that of her husband. *Chretien* v. *her husband*, 17 Martin, 60. It becomes her duty to labor for her family, and the products of such labor become her husband's. *Keith & al.* v. *Wombell*, 8 Pick., 211. She is affected by the common law presumptions. *Furlong* v. *Hysom*, 35 Maine, 332. All the property in her possession is presumed to be her husband's. *Allen* v. *Hooper*, 50 Maine, 371; *Commonwealth* v. *Williams*, 7 Gray, 337.

There is no different presumption arises from the joint occupation of husband and wife than from his sole occupation. Cases cited above.

If they live together, and he maintains her, and she allows her property to come into his possession, and allows him the control of it, whether the presumption is, that he has control under § 3, Act 1844, or in some other manner, (50 Maine, 371,) he occupies and controls it, not as her servant, but with the same rights as though he rented or hired it of a third person. And it is the same, whether the property is real or personal. Laws Illinois, p. 143; *Eliju* v. *Taylor*, 37 Illinois, 247; *Gage* v. *Dauchy*, 28 Barb., 622; *Freeman* v. *Orser*, 5 Duer, 476; *Sherman* v. *Elder*, 1 Hilt., 476. His rights are not restricted in such case by last clause, § 3, Act 1844. *Eliju* v. *Taylor, supra; Bird* v. *Plagrum*, 76 Eng. Com. Law, 638, (C. B., 639,) 3 Cowen, 590,—5 Johns. Ch., 464.

A married woman may give away her property. Laws 1852, c. 227; *Allen* v. *Hooper, supra.* There can be no gift without delivery. 2 Kent's Com., § 38, "gift." *What* constitutes a delivery, is a question of law. *Chase* v. *Breed*, 5 Gray, 440.

What constitutes a delivery? *Blake* v. *Jones*, 1 Bailey, 141. It may consist of words without acts, or acts without

words, or both.  *Verplank* v. *Sterry*, 12 Johns., 536; 11 Maryland, 424.  Words importing an intention to give possession by the donee with the assent of the donor, is sufficient evidence of a delivery to authorize the inference of a gift.  *McCluney* v. *Lockhart*, 1 Baily, 467; 2 Baily, 117.  It is not necessary that the possession immediately follow the words.  *Gillespie's Adm'r.* v. *Burleson*, 28 Alabama, 551.  The words may be spoken of a thing not in existence at the time.  *Cook* v. *Husted*, 12 Johns., 188; *Linnendal* v. *Doe & Terhune*, 14 Johns., 222.

It is not necessary that the possession should be exclusive of the donor.  *Smith* v. *Smith*, 2 Strange, 955; (10 Petersdorff's Ab., 241;) *Penfield* v. *Public Administrator*, 2 E. D. Smith, 305; *Holmes* v. *Sawtelle*, 53 Maine, 179; *Merrick* v. *Linfield*, 21 Pick., 325.

It is the same where the donee is in possession before the words are spoken.  *Winter* v. *Winter*, 1 Ellis, B. S., 997. It is not necessary that the donee should receive the thing given, or be in actual possession of it; it may be received and held by some other person for him, and the assent of such person to the gift is sufficient.  *Sprigg* v. *Negro Presley*, 3 H. & J., 493; *Negro Hannah* v. *Sparkes*, 4 H. & J., 310; 1 H. &. J., 252.  And the donor may be that person. *Grangiac* v. *Arden*, 10 Johns., 292; *Hillebrunt* v. *Brewer*, 6 Texas, 45.

*D. D. Stewart*, for the plaintiff.

DICKERSON, J.—Replevin for a colt.  Trial by the presiding Judge, and exceptions to his findings in matters of law, and to his exclusion of evidence.

The brief statement denied property in the plaintiff, and alleged it to be in one George S. Hanson.

The presiding Judge found, as matter of fact, that, when the plaintiff married Jesse Hanson, father of said George S., she owned the mother of the colt, and that the colt was foaled after said intermarriage.  He also held, as matter of law, that the colt in dispute, being the increase of the plain-

Hanson *v.* Millett.

tift's property, belongs to her. While the findings of the presiding Judge are conclusive in respect to the facts, they are subject to revision by the law court in matters of law.

It appears from the findings of the Court on the facts, that, after the plaintiff's marriage, she lived with her husband upon his farm, and that she also owned a farm near by which was carried on by him, and that the mother of the colt, with other stock, owned respectively by herself and her husband, and the colt itself, were kept indiscriminately upon the joint products of both farms.

By the laws of this State, a woman having personal property loses no part of it by marriage; nor does her husband acquire any right to control it by virtue of the marriage relation. The right of the wife to possess, enjoy 'and dispose of such property remains , as full and complete after, as it was before the marriage; and she has the same power to employ her husband or other person, to manage it, that any other owner of property has, who is not under the disabilities of coverture. Whether such property consist of household furniture, kept in her husband's house, or of stock kept on his farm, the wife is deemed to be in possession of it, in the same manner that the husband is in possession of his property kept in the same way. *Knapp* v. *Smith*, 27 N. Y., 227; *Allen* v. *Cowen*, 23 N. Y., 505.

The husband of the plaintiff, therefore, acquired no property in the mother of the colt in dispute, by virtue of the marriage; and the plaintiff, having both the ownership and the possession of her, is entitled to the *increase*, upon principles of law too familiar to render the citation of authorities necessary.

The defendant undertakes to show title to the colt in George S. Hanson, by gift from the plaintiff, and the burden is upon him to prove this, the presumption of ownership, when once established, continuing until alienation is shown. A delivery is indispensable to the validity of a gift of this sort.

According to the finding of the presiding Judge, the colt

was kept upon the same farm and in the same manner as its mother; and, although it was called George's colt by the plaintiff and in the family, and he usually took care of it, and drove it, yet there is no such distinct act of parting with the possession as authorizes the Court to infer a delivery to him in the capacity of owner.

The declarations of Jesse Hanson in relation to the ownership of the colt are no part of the *res gestae*. He was not the owner of the mare or the colt. His declarations could not bind the true owner, and were properly excluded.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH and TAPLEY, JJ., concurred.