Chief Justice Robertson
delivered the Opinion of the Court.
In an action of trover for a gray horse, Foree obtained a judgment against Clagget for forty dollars in damages.
It appears from the bill of exceptions that, after a fieri facias against one Dun had been delivered to a constable of Henry county to execute, Dun removed from said county to the state of Indiana; that, in that state, Foree bought the gray horse from him, bona fide, and for a valuable consideration ; and having brought the horse back to Henry county, before the return day of the fieri facias, the constable levied on the horse, and sold it to Clagget to satisfy the execution.
If when the execution came to the officer’s hands, the hoi’se was the property of Dun, and was in Henry county, or was the property of Dun and was in Henry county between that time and the sale to Foree, the lien given by law was not destroyed by the temporary absence from the county; and as the levy was made' before the lien hat! expired, the intermediate purchase by Foree, invested him with no better title than what he would have acquired had there been no removal of the horse, or had the levy been made prior to the removal.
But there was no proof that Dun owned the horse in Kentucky, or that the horse was-in Henry county when the execution came to the officer’s hands. It does not *429 appear, therefore, that there was any lien on the horse at the date of Foree’s purchase. Such a purchase should not be affected by an execution lien unless the lien-be clearly established.
To sweartbeju-ry to try t-,sue, whs-,. is no pies, ui, ■. error.
This court cannot therefore decide, that the circuit court erred in its instructions to the jury iij favor of Foree.
But the judgment must be reversed on another ground. The jury was sworn to try the issue, and the record does not shew that any plea had been filed. For this error alone, the judgment is reversed, and the cause remanded for a new trial.