CASE 51—ORDINARY—JANUARY 13.

## Mitchell v. Ashby.

APPEAL FROM NELSON CIRCUIT COURT.

1. When an officer is sued in trespass for selling the property of a stranger, who has derived title from the execution defendant, he must produce the judgment upon which the *fi. fa.* issued.

2. If, when the *fi. fa.* came to the hands of appellee, the property belonged to the execution defendant, and was in the county where appellee held his office, a lien was created upon the property, which was not lost by its removal to another county.

Mitchell v. Ashby.

3. The purchasers of the property so removed took it subject to the lien created.

4. Appellant alleged in his reply that there was a judgment, and cured the answer of appellee to that extent.

C. T. ATKINSON FOR APPELLANT.

1. Appellant is a *bona fide* purchaser for value in a distant county. He was entitled to possession until a better title be shown.

2. Appellee, claiming right through various executions, must take upon himself the burden of showing the judgment upon which the *fi. fas.* issued. This he has not done, and, therefore, the judgment should be reversed. (1 Ld. Raymond, 733; Sanders v. Vance, 7 Mon., 213; 2 Greenleaf on Ev., sec. 629; Hilliard on Torts, 333; 1 Salk., 408; Newman's Plead., 531, 541, 55, 163; Gen. Stat., art. 2, sec. 1, p. 417; Civil Code, secs. 40, 42, 48, 709; Myers' Code, sec. 831.)

WM. JOHNSON FOR APPELLEE.

Appellee had the execution against McComer in his hands while the latter was owner of the mare and in possession of her, a lien attached, and no removal could destroy it. (Kleissendorf v. Fore, 3 B. Mon., 473.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

This record presents two principal questions, which are decisive of the litigation in the case, and, when disposed of, will render unnecessary the consideration of other questions ·discussed in the briefs.

An execution issued against the estate of one McComer, .and was placed in the hands of a constable of Nelson county for collection November 5, 1878. On that day McComer was the owner of a bay mare, and had her in his possession in that county. A few days afterward he took her to Louisville, in Jefferson county, and sold her. In a few days thereafter the appellant purchased the mare of McComer's vendee, and took her back into Nelson county, without any knowledge of the existence of the execution in the hands of the officer, by whom she was seized during the lifetime of the execution .and sold for its satisfaction.

This suit was brought against the constable to recover the value of the mare.

The questions presented are—

*First.* The *bona fide* purchase in another county being shown, was the officer bound to exhibit a valid judgment against the execution defendant?

*Second.* If such a judgment be produced, was he justified, under the judgment and execution, in seizing and selling the mare?

1. In Sanders v. Vance (7 Mon., 209) this court held, that when an officer is sued in trespass for selling the property of a stranger to the execution, who has derived title from the execution defendant, he must produce the judgment on which the *fi. fa.* issued. This was held on the authority of Lake v. Bellers (1 Ld. Ray., 733) and Martin v. Padger (5 Burrows, 2633), and seems to be in conformity to the more modern authorities. (2 Greenleaf, section 629; 1 Hilliard on Torts, 333, note b.)

2. If, when the execution came to the hands of the officer, the mare belonged to McComer, and was in Nelson county, a lien on her was thereby created, which was not lost by her removal to another county. The purchasers, immediate and remote, took her subject to the lien, and if she was brought into Nelson county, and levied upon while the execution remained in the hands of the officer and continued in force, the intermediate sale or sales invested the purchasers with no better title than McComer had, and no better than they would have had if she had never been removed from the county. (Clagget v. Fore, 1 Dana, 428.)

Uncontradicted evidence, introduced by the appellee, shows that the mare was in the county when the *fi. fa.,* dated November 5, was issued and placed in the hands of

the officer; but if this were not true, and she was in the county and belonged to McComer when the previous *fi. fa.* was in the officer's hands, in full force, and was removed before the return day, and it was returned on the return day, and a new writ was immediately issued and placed in the officer's hands, the lien was preserved. (Hood v. Winsatt, 1 B. Mon., 211; Foreman v. Proctor, 9 B. Mon., 125.)

The appellant alleged in his reply that there was a judgment, and thus cured the defect in the answer; but he also alleged that the judgment was rendered without the service of process or appearance of McComer, thereby showing that the judgment was invalid.

The court sustained a demurrer to that part of the reply, and for this error the judgment is reversed, and the cause is remanded, with directions to overrule the demurrer, and for further proper proceedings.