THORPE BROS. & CO. v. COWLES ET AL.

1. **Verdict:** WANT OF SUPPORT IN EVIDENCE. Evidence considered and held insufficient to support a verdict, under the instructions of the court.

*Appeal from Delaware Circuit Court.*

SATURDAY, DECEMBER 18.

ACTION of replevin. A verdict was returned for the plaintiffs for all of the property claimed in the petition. The plaintiffs filed a remitter as to two calves in the petition claimed. Judgment was rendered in favor of the plaintiffs for the remainder of the property in controversy. The defendants appeal. The facts are stated in the opinion.

*Blair & Dunham*, for appellants

*S. G. Van Anda*, for appellees.

DAY, J.—The property in controversy is described in the petition as follows: Fifteen black and white shoats, of the value of six and twelve one hundredth dollars each; ten black and white shoats, of the value of three dollars each; nineteen black and white shoats, of the value of one dollar and fifty cents each, and twelve red and white calves, of the value of seven dollars each.

On the 13th day of October, 1877, John Houlahan and his wife, Johannah, executed to the plaintiffs a chattel mortgage upon nine cows, six two year old heifers, four yearling heifers, one yearling steer, eight calves, thirty-six fatting hogs, and forty pigs, situated on their farm. The plaintiffs claim the property in controversy, not as the identical property embraced in the mortgage, but as the offspring of that property.

The defendants claim the property under an attachment duly levied thereon on the 19th day of February, 1879. The court gave to the jury the following instruction:

"To entitle the plaintiffs to recover the possession of such of said stock as were the increase, or young, of the stock covered by the mortgage, they must establish the fact that such young was conceived by their dams, or mother, prior to the date of said mortgage, or else that after said mortgage the said mothers and their increase were in the open possession and control of plaintiffs. But such possession and control might be exercised through an agent, provided there was an actual change of the possession and control after the execution of the mortgage in question, and such a change as could be visible and manifest to outsiders, or of which defendant had actual notice."

No exception was taken, or objection is made, by either party to this instruction. It must be regarded as presenting the law of this case. The point relied upon by the appellants is that under this instruction the evidence wholly fails to support the verdict. The cause was submitted to the jury upon the testimony alone of G. L. Thorpe, one of the plaintiffs.

I. The testimony shows that the mortgaged property was

left in the control of Johanna Houlahan, as the agent of the plaintiffs, to be fed and cared for by her, and disposed of under the direction of the plaintiffs. There was no actual change of possessson after the execution of the mortgage such as could be visible to outsiders, but the property remained upon the same farm, and in the same visible and apparent possession, after the mortgage as before. It follows, therefore, that under the foregoing instruction, the plaintiffs cannot hold the calves and shoats in question, unless they establish the fact that they were conceived prior to the date of the mortgage.

II. The average period of gestation for a cow is nine and one-half months. The mortgage was executed on the 13th day of October, 1877. The attachment was levied upon the 19th day of February, 1879. If the dams had conceived these calves prior to the execution of the mortgage, at the very youngest age possible they would have lacked but nine days of being seven months old when the attachment was levied. There is no proof as to the time when the dams conceived. It is a mere inference from the age of the calves.

G. L. Thorpe, the only witness introduced, does not attempt to fix any absolute age for the calves beyond six months. He concedes that ten of them were probably less than six months old at the time the attachment was levied, and as to the balance of them he says: "Well, they were six months old or over, I would say." He does not say how much over six months they were, and does not pretend to any knowledge as to the time when they were dropped. It is very evident from his entire testimony that his statements are mere matter of opinion and not of positive knowledge. The burden of proof is upon the plaintiff. It is incumbent upon the plaintiff to prove that the dams of these calves conceived before the 13th day of October, 1877. Under the evidence adduced the verdict of the jury is no better than a mere guess. It cannot be sustained.

III. The ordinary period of gestation for a sow is about four months. If the dams of the shoats in controversy had

conceived prior to the execution of the mortgage, they must all, at the lowest calculation, have been one year old when the attachment was levied. There are forty-four shoats in contro- versy. The plaintiffs' witness states that they were all less than a year old except fifteen, which were in the pen fattening. Of these he thinks some were more than a year old, but he does not claim to know the ages of any of them. Upon this branch of the case we think, also, the verdict fails of support from the testimony.

REVERSED.