MILES COMSTOCK and LEWIS COMSTOCK,
Plaintiffs in Error.

*vs.*

HENRY A. SCALES, Defendant in Error.

ERROR TO THE ROCK CIRCUIT COURT.

A chattel mortgage can only operate upon propeity in actual existence at the time of its execution.

A chattel mortgage can have no valid operation upon a crop of grain given at; or about the time of planting the same, and before it is up or has any appearance of a growing crop.

The property attempted to be mortgaged in such case, cannot be said to be in existence; the subject matter not being *in esse* there is nothing for it to operate upon.

Action of trover for the conversion of a certain crop of grain. The property was claimed under a chattel mortgage executed by one Hatch, lessee of one of the defendants below, to the plaintiff, upon the oats, wheat and corn (the property in dispute), at or about the time the same were planted, and before the same was up or presented the appearance of growing grain. Hatch had leased the premises on shares of one of the defendants, but before the expiration of the lease, and before the ripening of said crops, abandoned the premises and absconded. In the fall the plaintiff, the mortgagee of Hatch, went on to the premises to harvest the crops, but was forbidden and prevented by the defendant, who afterwards harvested the crops. They also claimed the interest of Hatch in the property by virtue of a purchase under an execution against said Hatch. The above is a sufficient statement of the facts of the case. The instructions of the judge to the jury, which raises the question of law determined, is stated in the opinion of the court.

Comstocks vs. Scales,

Several points were made by counsel, but the only one considered by the court will appear.

*Noggle & Cummings,* for the plaintiffs in error.

*John R. Bennett,* for the defendant in error.

*By the Court,* Cole J. The defendant in error claimed the grain in controversy, by virtue of a chattel mortgage, given upon it, about the time the grain was sowed and planted, and before the same was up or presented the appearance of growing grain, and the circuit court instructed the jury upon this point, that as soon as the grain was sown, Hatch, the tenant, could mortgage his half of the crop, and that the same would be held by the mortgage. This instruction we consider erroneous. In our opinion a chattel mortgage can only operate upon property in actual existence at the time of execution, and cannot be given, as was attempted to be done in this case, upon a crop before it can be said to be in existence. Since the subject matter of the chattel mortgage was not *in esse* at the time the mortgage was executed, there was nothing for it to operate upon. This doctrine seems to be settled by the following authorities: *The Bank of Lansingburg vs. Crary et al.* 1 Barb. S. C. R. 542. *Otis vs. Sill,* 8 id. 102, and the cases cited and commented upon by Justice Paige in these decisions. As this question disposes of this case and involves the necessity of a new trial, we do not feel called upon to notice the other points upon the briefs of counsel.

The judgment of the circuit court is reversed and a new trial ordered.