NIEBUHR vs. PIERSDORFF and another.

*Rights of owner of loose bench occupied by him as a seat in a church — Rights of member of religious society.*

1. The owner of a loose bench, which was permitted by the trustees of a religious congregation to occupy space in the church building, and to be used by him as a seat during services, *held* not to have any such seisin or possession as a pew-holder as would enable him to maintain trespass against the trustees for removing such bench from the building.
2. If plaintiff wished to test the right of the trustees to convert the church into a school-house, he should have brought an action on the case for a disturbance of his general right as a member of the society, or a suit to restrain the proceedings of the trustees.

DIXON, C. J., dissents.

APPEAL from the Circuit Court for *Dane* County.

This action was commenced in a justice's court. The complaint alleges that defendants, on the 12th of July, 1866, with force and arms, broke and entered plaintiff's close in his possession, situate in the town of Middleton, etc., and there broke down, destroyed and carried away his property, consisting of a pew or seat in the German Lutheran church in said town; also, that, on the same day, defendants broke and entered plaintiff's close in said town, and trampled down and destroyed the grain, grass, etc., there growing, etc. Answer, in denial. On the trial, it appeared from the evidence that the trustees of said church, on the day mentioned in the complaint, were in possession of the church building and grounds; that, having resolved upon occupying a new church edifice, and using the one in question for a school-house, they had requested all persons owning seats or benches in the latter to remove them; and that the plaintiff's loose seat or bench, which had been standing in said building for ten or eleven years, in the place assigned it by the trustees (except when temporarily removed by their order, on special occasions), and which he had occupied

when services were held in the church, not having been removed by plaintiff himself, was on that day removed by the defendants and set out in the church yard. The defendants testified, without objection, that the removal was made by direction of the trustees. The justice rendered judgment for the defendants, which was affirmed by the circuit court; and from the judgment of affirmance, the plaintiff appealed.

*R. J. Chase* (with *A. B. Braley*, of counsel), for appellant, contended that the trustees of a religious corporation, without an order of court, cannot divert the church property to other uses than those for which the corporation was organized (R. S. ch. 66, §§ 9, 10; *School District v. Arnold*, 21 Wis. 657); and that the authority of the trustees, if any, could not be set up by defendants, without proof that the trustees acted on the matter at a meeting regularly convened. R. S. ch. 66, § 12; *Dennison v. Austin*, 15 Wis. 334; *Gorton v. Hadsell*, 9 Cush. 508.

*A. S. Sanborn* (with *J. C. Hopkins*, of counsel), for respondents, contended that the plaintiff had not shown himself to possess any of the rights of a pew-holder, having a deed or lease; and that even such a pew-holder would have merely a right of occupation of his pew during divine worship, and could not compel the corporation to maintain divine service, nor prevent the abandoning of the building as a place of worship, nor compel them to let his bench remain there. *Voorhees v. Presbyterian Church*, 8 Barb. 135; 17 id. 103; *Wheaton v. Gates*, 18 N. Y. 395; *In matter of Reformed Dutch*, 16 Barb. 237; 19 Pick. 361; *McNabb v. Pond*, 4 Bradf. 7.

Dixon, C. J. The question which the plaintiff seeks to have determined, namely, as to the right of the trustees, or a majority of the members of the society, to turn the old church into a school-house, cannot be decided. in this action. The plaintiff has mistaken his remedy

for that purpose. The action is trespass, for breaking and entering the close of the plaintiff, and taking down and removing his pew or seat from the church. The evidence discloses that he was not, at the time of the entry and removal of the seat by the trustees or under their direction, a pew-owner, so that an action in this form can be maintained. For, though the owner of a pew may, in a proper case, maintain trespass for an injury to his possession (*Shaw v. Beveridge*, 3 Hill, 26, and cases cited), yet the plaintiff had no such seisin or possession as will enable him to maintain the action as against the trustees or those acting under them. He was, at most, a mere licensee, occupying, at the will of the trustees and subject to their power of change or removal, a space in the body of the church for his seat, which was loose, or in no way attached to the building. If the trustees, by virtue of their general authority and control over the temporalities of the corporation, might remove the seat from one place to another within the building without liability as trespassers, then they may remove it entirely from the building, and an action in this form cannot be maintained. 32 Barb. 222; 17 La. Ann. 127; 8 Barb. 135; 17 id. 103; 18 N. Y. 395; 19 Pick. 361. The plaintiff had not that distinct and separate interest as a pew-holder which will support the action. His remedy was by an action on the case for the disturbance or destruction of his general right as a member of the association, or by a suit in equity to restrain the proceedings of the trustees.

I have written the foregoing as the opinion and judgment of my brethren. With due deference, I am by no means satisfied with their conclusion. It seems to me that the plaintiff had, under the authority and action of the trustees and congregation, such a separate and several possession of the space occupied for his seat, and which he had retained from the time the church was erected, that he might maintain trespass as against mere

wrong-doers. And it seems to me also that the trustees, having, as the plaintiff offered to prove, entered and caused the seat to be removed for the unlawful purpose of converting the building into a school-house, contrary to the wishes of the plaintiff and other proprietors, and without compensation to him or them, are to be regarded as mere wrong-doers or trespassers *ab initio*. And I find nothing in the authorities cited at all in conflict with the conclusion.

*By the Court.* — Judgment affirmed.