APPERSON & CO. VS. W. E. & C. L. MOORE.

MORTGAGE: *On property not in esse.*

Where a mortgage is executed on an unplanted crop, a lien attaches, in equity, as soon as the subject of the mortgage comes into existence, and in a proceeding to foreclose, will be enforced against the mortgagor and those holding under him with record notice.

APPEAL from *Phillips* Circuit Court.

Hon. W. H. H. CLAYTON, Circuit Judge.

*Adams,* for appellant.

*John J. Horner, contra.*

ENGLISH, CH. J.:

The material facts of this case are as follows:

Wm. McLain, a tenant on the Higgins plantation in Phillips county, being indebted to Apperson & Co., merchants of Memphis, in about the sum of one thousand dollars for money and supplies previously furnished, and desiring to secure to them that sum, and to procure from them further advances, on the 1st of March, 1872, executed a deed of trust, by which he conveyed to James D. Quigley, as trustee, two mules, one gray mare, six head of cattle, one wagon, farming implements, gear, etc., then on the Higgins place, worked and cultivated by him (McLain) together with all the entire crop of cotton as raised and produced, planted or to be planted upon the above described plantation, being in Phillips county, about ten miles southwest from Helena, etc. To be void on condition that McLain should pay to Apperson & Co., on or before the 1st of December, 1872, his then indebtedness, and also for such future advances in money or supplies as they might make to him during the year, to enable him to raise a crop, etc. A power of sale was given to the trustee on default of payment, and it was provided in the deed that the crop of cotton, as fast as the same should be picked, ginned and pressed, should be shipped to Apperson & Co., as commission

merchants, to be by them sold and the proceeds applied to the payment of the debt secured by the trust; and on any attempt of McLain to divert the cotton from such shipment, etc., the trustee was empowered to take possession of the cotton, etc., and dispose of the same as provided in the deed.

The deed was acknowledged on the 27th, and filed for registration in the recorder's office of Phillips county, on the 29th of March, 1872, and duly recorded.

After the execution of the deed, Apperson & Co. made advances to McLain of money and supplies, under its provisions, and among the advances made was $600 to Higgins for rent of the place, on which the crop was made, for 1872.

McLain made a crop, and on the 12th of January, 1873, sold four bales of the cotton made on the Higgins place, of the crop of 1872, intended to be covered by the trust deed, to W. E. & L. C. Moore, of Helena, who purchased them on the market.

The main object of the bill in this case, filed by Apperson & Co., was to enforce their lien upon the cotton or its proceeds, purchased by the Moores of McLain. On the final hearing, the court below decided that the deed of trust was not a lien on the cotton raised by McLain on the Higgins place during the year 1872, because the crop was not *in esse* at the time of the execution of the deed, etc., and dismissed the bill for want of equity.

Apperson & Co., appealed.

The decree recites that the cotton was planted after the execution of the trust deed, and from its date, first of March, we suppose that to be true. It may be assumed, therefore, that the crop was not in existence when the deed was made. It was to be produced during the remainder of the year on the particular plantation described in the deed, which McLain occupied as a tenant.

Had this been an action at law, by Apperson & Co., or by the trustee in the deed, for four bales of cotton, or their value, the decision of the court below would have been correct; the action could not have been maintained. Because that which has no actual or potential existence is not the subject of a grant, nor can a man sell or mortgage a thing which he does not own.

The cases cited by the counsel for the appellees sustain the elementary principle. Thus *Comstock* v. *Scales*, 7 Wis., 159, was trover for grain mortgaged by a tenant about the time it was planted, and it was held that the mortgagee could not maintain the action, because the crop was not in being when the mortgage was executed.

So where logs on hand, and others to be afterwards cut or obtained were mortgaged, in actions for the logs the mortgages were held invalid as to the after-cut or acquired logs. *Lingles* v. *Phelps*, 20 Wis., 398; *Mowry* v. *White*, 21 Ib., 421; *Cudworth* v. *Scott*, 41 New Hampshire, 456, was trespass for taking hay, grain, etc. The mortgage under which the plaintiff claimed was executed after parts of the crops had been sown and were growing, and others were sown after its execution. Held, that plaintiff had no valid title to the hay, grain, etc., from the after-sown crops.

In *Otis* v. *Sill*, 8 Barb., 102, the mortgage was upon scythes, iron, steel and coal owned by the mortgagors, and also "all scythes, iron, steel and coal which might be purchased in lieu of the aforesaid property. Held, in trespass, that the mortgage was invalid as to property subsequently acquired. This case was subsequently reviewed in *Seymour* v. *Canandaigua & Niagara Falls R. R. Co.*, 25 Barb., 286.

An apt illustration of the rule is furnished from the old books. Perkins (Tit. Grant's, sec. 65) says : " A man cannot grant or charge that which he hath not." And in *Grantham* v. *Hawley*, Hob. Rep., 132, it is said by the court that " a man cannot

grant all the wool that shall grow upon his sheep that he shall buy hereafter, for these he hath neither actually nor potentially.

But Perkins says (Tit. Grant's, sec. 90) "that if a man grants unto me all the wool of his sheep for seven years, then the grant is good." By which is meant the wool of the sheep which the grantor at that time has, for the wool granted has a potential existence." *Otis* v. *Sill*, 8 Barb., 111–12.

Such is, no doubt, the rule in courts of law, but it is otherwise in equity.

Judge STORY, in *Mitchell* v. *Winslow et al.*, 2 Story, 644, after reviewing the English and American cases, and quoting with approval from the opinion of the Vice Chancellor, in *Langton* v. *Horton*, 1 Hare Rep., 549, says : "It seems to me a clear result of all the authorities, that wherever the parties, by their contract, intend to create a positive lien or charge, either upon real or upon personal property, whether then owned by the assignor or contractor, or not, or if personal property, whether it is then *in esse* or not, it attaches in equity as a lien or charge upon the particular property as soon as the assignor or contractor acquires a title thereto, against the latter, and all persons asserting a claim thereto under him, either voluntarily, or with notice, or in bankruptcy."

In *Langton* v. *Horton*, the mortgage security was the assignment on the ship Foxhound, then on her voyage to the South Seas, together with all and singular her masts, etc., "and all oil and head matter, and other cargo, which might be caught or brought home on the said ship, on and from her then present passage." The cargo was levied on by a judgment creditor on the arrival of the ship at home. A bill was filed to have the

mortgage declared a good and valid security for the money advanced, and that the complainants be entitled to the benefit of the security in preference to the judgment creditor, and the Vice Chancellor decreed accordingly.

The rule in effect, as declared by Judge Story, has been followed in the following cases, and many others: *Pennoch et al.* v. *Coe*, 23 Howard U. S., 117; *Seymour* v. *Canandaigua & Niagara Falls R. R. Co.*, 25 Barb., 288; *Sillers et al.* v. *Lester et al.*, 48 Miss., 524.

*Butt* v. *Ellett*, 19 Wallace, 544, was a case very much like the one before us, and the Supreme Court of the United States held that, although an instrument which purports to mortgage a crop, the seed of which has not been sown, cannot at the time operate as a mortgage of the crop, yet when the seed of the crop intended to be mortgaged has been sown, and the crop grown, a lien attaches, and will be enforced in equity against a subsequent purchaser with notice. The lien was enforced against the proceeds of the cotton.

So in this case the equity rule must be applied. The lien of the appellants, under the trust deed attached to the crop intended to be mortgaged when the crop came into existence, and was superior to the title of appellees, who purchased the four bales of cotton of McLain. The deed of trust was upon the public records of the county long before they purchased the cotton, and they were chargeable with notice.

The decree of the court below must be reversed, and a decree entered here against the appellees for $227.98, the value placed upon the cotton by the court below, with interest from 12th January, 1873, and for costs.