[Grant v. Steiner.]

# Grant *v.* Steiner.

65  499
107  363

65  499
125  324

*Trover of Mortgagee, for Conversion of Bales of Cotton.*

1. *Mortgage of future crop.*—A mortgage of a crop which has not yet been planted conveys only an equitable title, which will not support detinue, trover, or trespass.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN K. HENRY.

This action was brought by Joseph Steiner, against John W. Grant, to recover damages for the conversion of two bales of cotton ; and was commenced on the 1st day of October, 1878. The defendant pleaded " the general issue, in short by consent, with leave to give in evidence any matter that might be specially pleaded ; to which the plaintiff replied, with like leave." It appeared from the evidence adduced on the trial, as set out in the bill of exceptions, that the cotton sued for was raised during the year 1878, on lands which belonged to Mrs. Lucinda Martin, the wife of J. L. Martin ; and the evidence of the defendant, who claimed under her, tended to show that she cultivated the land on which it was raised, or paid the expenses of cultivating it, separate and apart from her husband, who cultivated other portions of her land, each claiming the portion of the crop raised on the land so cultivated by them respectively. The plaintiff claimed the cotton under a mortgage executed to him by said J. L. Martin and one R. H. Martin, his brother, which was dated the 21st January, 1878, was given to secure an indebtedness of $1,234.66, and conveyed, in addition to the mortgagors' mules and cattle, property which was thus described ; " Also, the entire crop of cotton, corn and other produce, made by us or either of us, or hands under the control of us or either of us, during the present year, on any and all lands owned or cultivated by us or either of us, in Butler county or elsewhere ; and the said J. L. Martin hereby transfers to said Steiner the entire rents, and profits and income, of all the statutory separate estate of his wife, Lucinda Martin, for and during the year 1878, and hereby authorizes said Steiner to receive, collect, and receipt for the same." The plaintiff introduced, also, evidence tending to show that J. L. Martin assisted in the cultivation of the land which his wife claimed as " her patches," and on which

the cotton sued for was raised. It was not shown that the plaintiff had ever had possession of the cotton. The defendant requested, with other charges in writing, the following : " 2. In this case, the plaintiff must have the entire legal title to the two bales of cotton sued for ; and unless the jury are satisfied from the evidence, under the law given them in charge by the court, that the plaintiff had the entire legal title to the cotton sued for, at the time of suit brought, then he can not recover." The court refused to give this charge, and the defendant excepted to its refusal; and he assigns the refusal of this charge as error, together with other rulings to which he reserved exceptions, but which require no special notice.

GAMBLE & BOLLING, for appellant.

D. BUELL, contra.

SOMERVILLE, J.—Under the facts of this case, as disclosed by the bill of exceptions, the mortgage made by the two Martins to Steiner did not convey to him the legal title to the two bales of cotton in controversy. Even if we concede the proposition, that the husband has the authority to mortgage or transfer the rents, income and profits of the wife's statutory separate estate—a question not necessary to be here decided—the appellee only acquired the equitable, and not the legal title. The mortgage to Steiner was executed in January, 1878, upon a crop which was not then planted, but was to be planted *in futuro*. It was not then growing, or *in esse*. It has been repeatedly decided by this court, that such a transfer will not convey a title that would support an action of *detinue, trover, or trespass.*—*Rees v. Coats*, at the last term ; *Booker v. Jones*, 55 Ala. 266 ; *Abraham v. Carter*, 53 Ala. 8. And such seems to be the weight of authority. 1 Jones' Mort., §§ 150–51 ; *McCaffrey v. Wooden*, 65 N. Y. 459; (*S. C.*, 22 Amer. Rep. 644); *Williams v. Briggs*, 11 R. I. 176 ; (*S. C.*, 23 Amer. Rep. 518) ; Benj. on. Sales, § 78 ; *Fonville v. Casey*, 4 Amer. Dec. 561, *note*; *Apperson v. Moore*, 30 Ark. 56.

The second charge requested by the appellant should have been given, and its refusal is an error which must operate a reversal of the judgment of the Circuit Court.

It becomes unnecessary, under this view of the case, to consider the other questions raised by the record.

Reversed and remanded.