**FIRST SECURITY CO v HUDDLE**

Ohio Appeals, 2nd Dist, Darke Co

No 448. Decided Jan 15, 1934

Floyd D. Smith, Greenville, for plaintiff in error.

Billingsley & Manix, Greenville, for defendant in error.

## OPINION

By BARNES, J.

Under the agreed statement of facts, it appears that the tobacco crop at the time of the execution of the conditional sales note to the plaintiff Huddle on May 27, 1931 was not yet planted, but was planted between the tenth and fifteenth day of June of the same year.

It further appears from the agreed statement of facts that no part of the $165 conditional sales note has been paid to the plaintiff Huddle. As we view the question, even if we consider the conditional sales note as a chattel mortgage so far as it refers to the seven acres of tobacco, it was an attempt to mortgage after acquired property. The trial court in discussing this phase of the case makes the observation that while the agreed statement of facts does not so state, yet in the very nature of things the tobacco plants with which to plant the seven acres must have then been growing. We think it may be accepted as a matter of common knowledge that tobacco plants are grown in hot beds and afterwards taken therefrom and set out in the field by the use of a machine drawn across the field making furrows into which the plants are dropped and covered by men riding on sleds behind and attached to the planter. The plants from the hot beds may be grown by the owner or procured from others. We are unable to arrive at a conclusion from the mere fact that the plants were growing in beds that thereby the seven acres of tobacco was in existence at the time of the execution of the conditional sales note. Annual crops are in existence from the date of planting and from then on are personal property subject to sale and execution, and, of course, may be mortgaged. This rule has an apparent exception in that the crops pass with the realty on sale and conveyance unless reserved. In reality this is not an exception for the reason that the usual language of a deed covers emblements, etc., and, of course, under no conditions could a deed of conveyance cover or convey the interest of a tenant.

The Ohio authorities without exception announce the rule that a chattel mortgage on property to be after acquired does not constitute a lien upon the property described until the same comes into being and even then, the lien does not attach except as the property is reduced to possession by the lien claimant. In other words, it is held to be a contract for a lien and good as between the parties to the

contract and if reduced to possession before acquired, by others through sale or valid lien it passes good title. This subject will be found discussed in **Volume 7, Ohio Jurisprudence, under title "Chattel Mortgage" §16.** The text of this section covering some 5 or 6 pages is made up from syllabus and excerpts from Ohio cases. The leading case on the subject is **Francisco v Ryan, 54 Oh St, 307.** While the subject matter under this reported case involved after acquired merchandise, yet we think the principle is the same and is determinative of the instant case. The second syllabus reads as follows:

"A stipulation in such a mortgage, that it shall be a lien on any goods the mortgagor may thereafter purchase and place in stock to supply the place of those he should sell, while not creating a present lien, nor a lien when and as the goods are purchased, constitutes a valid contract for a lien on such after acquired property; and possession thereof lawfully taken by the mortgagee has the same effect of protecting it in his hands from the claims of the mortgagor's creditors, as has possession taken of the property owned by the mortgagor at the time of the execution of the mortgage."

The third syllabus is also in point but we will not quote it at this time. The same principle is announced in the case of **Norwood Savings Bank v Romer et, 43 Oh Ap, 224, (12 Abs 472),** and also **Netzong v National Supply Company, 7 C.C. (N.S.), 461.**

In brief for counsel for plaintiff Huddle attention is called to the fact that at the time of the filing of the conditional sales note with the County Recorder the tobacco crop was planted and growing.

The delayed filing could add nothing to plaintiff's position. His rights were the same whether or not filed on the day of execution or subsequently.

There may be some thought that the instant case should be distinguished from the reported case in that the cited cases generally indicate that specific mention was made as to after acquired property, whereas in the instant case nothing is stated in the instrument itself. We learn that it was after acquired property from the agreed statement of facts wherein it was agreed that the tobacco was planted between June tenth and fifteenth, whereas the conditional sales note was dated and executed May 27. There is no reason to distinguish the different situations.

Had the tobacco crop been reduced to possession by the plaintiff Huddle then we would have before us for determination many of the questions referred to in brief of counsel and the written opinion of the trial court.

Complaint is made that in the Security Company's mortgage there was a defect of description in that the 7 acres of tobacco was described as being grown on the John Rhoades farm in Van Buren Township, whereas in fact it was on the Lawrence Rhoades farm. This incorrect description if important can not avail for the reason that the defendant Security Company reduced the property to possession. As between the Security Company and the Millers any defect of description would be immaterial; as between them the lien would be good. This same principle would have been applicable as between Huddle and the Millers had Huddle reduced the property to his possession regardless of any infirmities which may have existed in the description of the property in the conditional sales note. Of course, there still would remain the question as to the priority of liens as between the plaintiff and defendant to this action.

Under the state of the record in the instant case, the question of priority does not arise for the reason that the plaintiff Huddle had no lien due to the fact that the property sought to be covered was not in existence at the time of the execution of the conditional sales note and never afterwards reduced to possession. We might go further and say that even if the defendant Security Company had no semblance of a chattel mortgage but merely was a bona fide creditor, they would still be entitled to hold the property and the proceeds thereof as against the plaintiff Huddle. If the plaintiff Huddle instead of bringing the action against the defendant Security Company had sought to recover from Schaeffer the purchaser of the tobacco the same principle would apply. Schaeffer could not be required to respond to Huddle for the reason that Huddle under the facts of this case did not have an enforceable lien as against anyone except the Millers.

Even if it could be determined that the tobacco crop had a potential existence so as to make it the subject of a lien under the conditional sales note considered as a chattel mortgage, we still think the description of the property so defective as not to constitute constructive notice to the defendant Security Company. In view of the fact that the property was reduced to possession by the defendant Security Company, plaintiff Huddle will not be aided

through any misdescriptions in the mortgage of the Security Company. This question can not be determined through comparisons. The plaintiff Huddle must rely upon his own description and not the infirmities of others. In the Huddle conditional sales contract the description is as follows:

"And one-half of 7 acres of tobacco raised on the Lawrence Rhode farm."

To anyone examining this instrument the information is conveyed that the tobacco had been raised. We again think it is a matter of common knowledge that it is not unusual for people to hold their tobacco crop from year to year sometimes on their own premises and sometimes in warehouses. In fact, the tobacco crop intended to be covered was not sold for a period of two years from the time of the execution of the conditional sales note. We only refer to this as supporting the above reference to common knowledge. It would also appear that the tobacco was raised on the Rhode farm, whereas it was intended to state the "Rhoades." This description is not supplemented as to the Township, County or State in which the **Rhode** farm is located. It does not even state that it is the tobacco raised on the farm upon which the Millers are living as tenants. The case of **Hedley v Shultz, 14 Ohio Law Abstract, page 682** cited in the brief by counsel for defendant Security Company is somewhat in point as is also the case of **In Re Roofing and Ceiling Company, Ohio Law Bulletin and Reporter, October 3, 1932, page 121.**

Holding to the above views, we feel that the judgment of the lower court must be reversed. As a matter of law the finding should have been made for the defendant Security Company and the plaintiff's petition dismissed. Entry may be drawn accordingly. Exceptions will be allowed to the defendant in error Huddle. Costs are awarded against the defendant in error.

HORNBECK, PJ, and KUNKLE, J, concur.