**FIRST SECURITY CO v HUDDLE**

Ohio Appeals, 2nd Dist, Darke Co

No 448. Decided March 9, 1934

Floyd D. Smith, Piqua, for plaintiff in error.

Billingsley & Manix, Greenville, for defendant in error.

## OPINION

By THE COURT

The above entitled cause is now being determined on application of defendant in error for rehearing. Counsel for defendant in error present brief in support of their application.

In our original opinion it was determined that the mortgage was not good because of defective description. Counsel for defendant in error now cite **Volume 7 O. Jur., §33, page 295.** While this citation was not referred to, we had examined the text and notes thereunder.

We find nothing in this citation from O. Jur. which changes our previous conclusions.

We are urged to reconsider our previous finding that the chattel mortgage could not avail the defendant in error for the additional reason that the property was not in existence at the time this contract was executed. A decision by Judge Jones of the Common Pleas Court of Miami County is appended in support of the contrary view. This court always has the highest regard for the decisions of Judge Jones and we have given his reasoning the fullest consideration including an examination of authorities cited in his opinion. We agree with Judge Jones that there are no decisions in Ohio directly on the question of crops not planted at the time of the execution of the instrument but the decisions in other states on the subject if compiled would make volumes. We also agree with his statement that the decisions in other states are not uniform.

Counsel for defendant in error also referred us to a decision by John Dineen, Referee in Bankruptcy. There was no written opinion in this case, but we have secured from Mr. Dineen some of the authorities upon which he based his conclusion.

Jones on Chattel Mortgage and Conditional Sales, Volume 1, §141 and subsequent deals with the question of lessee's right to mortgage crops to be grown.

Williston on Sales, Volume 1, §135, page 258 also deals with the subject. These text writers say that it is held in most of the states where the question has arisen that the owner may mortgage a future crop. In other states it is held that the crop must be actually planted in order that the mortgage should be valid. In the notes supporting the text excerpts from decisions in various states would indicate that the great majority of the states support the right to mortgage future crops. However, an examination of the various cases will disclose that they are not all as broad as the text. In some states it is held that the lien is only enforcible in equity.

In other states the right to the lien is created by statute.

In others under the contract of lease a reservation of the crops is stipulated and where chattel mortgage is executed to secure the performance of a lease, a lien is reserved to the landlord. In some states the right to chattel mortgage lien is limited to the landlord. Our original opinion would not be at variance with any of these holdings.

In some states the rule is as broad as the text and without any limitation. Probably the leading case holding to this view is Lewis Arques v Wasson, 51 Cal., 621.

The case of Hutchison v Ford referred to by Judge Jones at page 4 of his opinion and found in 15 American Reports page 711 holds to the contrary. This is a Kentucky case the syllabus reads as follows:

"A mortgage of a crop to be raised on a farm during a certain term, but which is not yet sown passes no title and the mortgagee has no claim against the purchaser of the crop for it or its value."

On page 5 of Judge Jones' opinion the case of Butt v Ellett, 19 Wallace Reports, 544 is cited. This is a decision by the United States Supreme Court. On the last page of the decision the judge rendering the opinion calls attention to the claim made that the lien can only be asserted in equity. In this case the learned court dismisses that claim with the statement that the action there pending is in equity and therefore does not pass on the question as to whether the action can be maintained at law. The following decisions hold that crops not in esse can not be mortgaged.

Hall v State (Ga.) 59 SE, 26.

Cudworth v Scott, 41 N. H., 456.

Cressey v Sabre, 17 (Hun) N. Y., 120—Action at Law.

Comstock v Scales, 65 N. Y., 459. (22 American 644).

Lamson v Moffat, 61 Wis., 153, (21 NW, 62).

Hansen v Dennison, 7 Ill. App., 73.

7 Wis., 159.

Gittings v Nelson, 86 Ill., 591.

Tomlinson v Greenvield, 31 Ark., 557.

In the instant case the action of defendant in error against plaintiff in error in the court below was for a money judgment. It therefore follows that it is an action at law. To sustain the application for rehearing we would have to adopt the rule as announced in the California case previously referred to. We think the contrary rule is more consonant with reason. The application for rehearing will be denied.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.