## NORTHWESTERN MUT L INS CO v HUGHES

Ohio Appeals, 2nd Dist, Darke Co

No 509. Decided Feb 8, 1937

John S. Hankins, Greenville, for appellant

George W. Porter, Greenville, for appellee.

### OPINION

By HORNBECK, J.

On March 9, 1926, John W. Redman gave his note for $5700.00 to the appellant. Securing the same he and his wife executed and delivered a mortgage on seventy-seven acres of land in Adams Township, Darke County, Ohio. This mortgage was the first and best lien against the real estate described therein.

The Peoples Savings Bank of Greenville held a second mortgage on the real estate described in appellant's mortgage, securing a note in the sum of $3000.00.

Subsequent to the execution and delivery of the notes and mortgages heretofore mentioned, the real estate mortgaged was transferred by the Redmans to Thomas J. Hughes and by him to Blanche A. Hughes, in neither of which deeds was there any assumption of the mortgages.

On the 21st of September, 1935, the appellant instituted its action to foreclose its mortgage. The third cause of action of the petition sought the appointment of a receiver. Thereafter The Peoples Savings Bank filed its cross petition and on the 29th of October interposed a motion in which it requested the court to a name a receiver "to sell and dispose of crops raised on the mortgaged premises in the year 1935." The entry appointing a receiver does not appear in the transcript of docket and journal entries but it is therein set forth that a bond was filed by the receiver on October 29, 1936.

The real estate sold at public sale and the proceeds therefrom were insufficient to pay the amount due the appellant on its note against John Redman. Thereafter, on April 7, 1936, the receiver reported to the court that he had disposed of all of the crops that had come into his possession as such receiver and asked the court to direct him as to the disposition of the proceeds of said crops.

The mortgage to the appellant conveyed the land described therein "and all the rents, issues and profits which may arise therefrom." This real estate mortgage was duly recorded as such but at no time was it filed as a chattel mortgage.

The court held that of the proceeds of the sale of the crops after payment of fees to the receiver and to his attorney, the balance be distributed pro rata to the appellant and the appellee, The Peoples Savings Bank. To this action of the trial court an appeal on questions of law is prosecuted.

In 42 C J 128 it is stated:

"After the appointment of a receiver the rents and profits of the mortgaged premises stand in the same category as the land itself, and the mortgagee acquires a specific equitable lien on the rents and profits.

The receiver is entitled to all rents and profits accruing after the date of his appointment."

When, then, in the instant cause the court appointed a receiver upon the application of the junior mortgagee, the property which he took over in the form of growing crops was, if required to meet the mortgage indebtedness subject to be applied to the liens of the mortgagees in the order of the priority of their mortgages. This is determined, in our judgment, by the case of **Williamson v Gerlach, 41 Oh St 682,** the syllabus of which is:

"The holder of a second mortgage in an action to foreclose, made all lien-holders parties, prior and subsequent, and moved for the appointment of a receiver to collect rents and income of the mortgaged lands pending the action. The appointment of a receiver was refused. Afterwards a junior mortgagee commenced an action to foreclose making all lien-holders parties, and upon his motion a receiver was appointed. But the receivership was not limited to any party or lien. Held: "That the fund collected by the receiver was applicable to the liens on the property in the order of their priority."

The steps taken in the cited case are almost identical with the procedure followed in this case. There is no specific mention of crops but the property mortgaged was lands and the receiver was appointed to collect the rents and incomes of the lands which, in probability, included crops. However, we find no distinction to be made on principle between rents, income and growing crops in like situation. The crops in this case would, no doubt, come under the classification of "issues" which is set forth in that part of the mortgage of the appellant which recites that "the rents, issues and profits were conveyed to the mortgagee." The similarity of meaning and effect of "rents, issues and profits" is indicated by the authorities cited by counsel for the appellant, namely, 54 C J 385, Bouvier Law Dictionary.

We do not attach so much significance to the reservation of the rents, issues and profits in the mortgage of the appellant but are of opinion that it would have been entitled to the proceeds of the crops under its mortgage after a receiver was appointed, independent of this reservation.

It was held in **The Fidelity & Mortgage Company v Mahon, et al., 31 Oh Ap 151, (7 Abs 280),** that:

"A second mortgage specifically covering rents and profits of the mortgaged premises is not entitled, as against the first mortgage, to rents collected by a receiver appointed in foreclosure proceeding, even though the first mortgage does not specifically refer to rents and profits."

The conclusion thus reached was independent of the specific provision of the second mortgage granting all rents and profits arising from the real estate mortgaged. Judge Mauck writing the opinion, at page 152 said:

"After the mortgage conditions have been broken, the mortgagee may bring an action for possession, or he may bring an action in foreclosure, which results in a judicial sale." **Kerr v Lydecker, Admr, 51 Oh St 240.**

"Even after a condition is broken, the mortgagor is entitled to rents and profits so long as he retains possession. A mortgagee, however, after bringing an action in foreclosure and making to the court such showing as is required by §11894 GC, has a right to have a receiver appointed for the property, and this receiver, by virtue of his possession, is entitled to the rents and profits that may issue from such possession, to be received and held by him for the benefit of the parties in interest.

"In the instant case, as we pointed out, the receiver was appointed upon the motion of the second mortgagee, but this fact did not change the substantive rights of the parties, and the receiver was appointed for the benefit of all the parties." **Williamson v Gerlach, 41 Oh St 682.**

To like effect is **The Citizens Savings & Loan Company v French, et al., 4 O N P 61.**

Counsel for the appellee relies upon **First Security Co. v Huddle, No. 448, (16 Abs 241; 16 Abs 734),** Darke Co., decided Jan 15, 1934, opinion by Judge Barnes. In this case the controversy was between two claimants, each of whom asserted that it had a chattel mortgage on the crop under consideration. We held that Huddle, who had taken a conditional sales note for the purchase price of his automobile and therein undertook to provide for a chattel mortgage on a certain tobacco crop, did not have a chattel mortgage but that The First Secur-

ity Company was the owner and holder of a valid, subsisting chattel mortgage on the the crop, which had been duly recorded. The First Security Company having a chattel mortgage on the crop, clearly was entitled to priority over the other party, whose conditional sales contract was not effective as such mortgage.

In the instant case we do not ground our decision cpon the theory that the appellant had a chattel mortgage on the crop growing on the land mortgaged, as against any subsequent lien holder on said crops. No doubt, the mortgage was an equitable chattel mortgage as between the parties to it, but the appellant is neither a chattel mortgagee nor a lien holder on the crops as chattel property, so that no superior equities intervene in behalf of the appellee. The parties, then, are remitted to their respective rights under their mortgages. The appellant's mortgage being first in time was first in right and the property seized by the receiver was subject to application to the lien in the order of priority of the mortgages.

Judgment reversed and judgment for appellant in conformity to this opinion. Exceptions may be noted.

CRAIG, PJ, and BARNES, J, concur.