SHOTT, APPELLANT, *v.* FALKNOR, D. B. A. FALKNOR GRAIN CO., APPELLEE.

[Cite as Shott v. Falknor, 1 Ohio App. 2d 541.]

(No. 622—Decided January 13, 1965.)

*Messrs. Shipman & Utrecht* and *Messrs. Brown, Schulzinger & Immerman,* for appellant.
*Messrs. Faust & Harrelson,* for appellee.

CRAWFORD, J. Plaintiff, appellant herein, brought this action for conversion of a corn crop. He appeals from a judgment for defendant, appellee herein.

The trial court's findings of fact are accepted as true. On May 18, 1962, plaintiff received from one George Manuel a promissory note for $77,000 loaned, together with a chattel mortgage to secure the same. The mortgage recited that it covered "All of the growing crops, emblements which are in the soil and are now growing on the farm located in the County of Montgomery," etc.

At that time the corn had not yet been planted. The planting did not begin until May 21, 1962. The mortgage was filed or recorded on May 23, 1962. The corn was sold by Manuel to the defendant on September 25, 26, 27, 28 and 29, and paid for on the day of delivery or the following day.

Both sides recognize as pertinent the decision written by Judge Barnes of this court in *First Security Co.* v. *Huddle* (1934), 16 Ohio Law Abs. 241. We believe that decision is sound and controlling. It was there held that a tobacco crop not yet planted (although the plants were in hotbeds) was not in existence and could not be mortgaged, that the subsequent filing of the mortgage after planting could add nothing to the mortgagee's position, and that such a purported mortgage was but a contract between the mortgagor and mortgagee to create a lien and could not bind third parties until the property is reduced to possession by the lien claimant.

Plaintiff contends that the judgment appealed from is a severe injustice and that its harshness should be relieved on the distinctive facts of this case. We do not find sufficiently distinctive facts to support this contention. An examination of the court's findings of facts indicates equities on both sides, as is usually the case where the mortgagor is guilty of duplicitous conduct. The defendant, having acquired title and possession, must prevail.

The judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

KERNS, P. J., and SHERER, J., concur.