CHANCERY.

**Forman, &c. vs Proctor, &c. ; and Wood, &c. vs Proctor, &c.**

*Case 41.*

ERROR TO THE MONTGOMERY CIRCUIT.

*Mortgage lien. Execution lien. Landlord's lien. Rent.*

*January 12.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

Two cases come up in this record, in which a single decree was rendered; and errors are assigned applicable to both cases.

The interest of a party in property which he may perfect by the performance of an executory contract may be the subject of a mortgage or attachment in chancery.

In the case of *Wood, &c. vs Proctor, &c.*, which was a bill to attach the interest of Proctor in a contract by which he was to feed thirty head of cattle for a year, and at the end of the time to have one half of the cattle for his trouble, &c. We are of opinion that the contract was executory only, and did not vest such an interest in Proctor as was liable to execution before the contract was performed; and that if such an interest in a contract containing mutual stipulations, was subject to attachment for the debt of one of the parties before performance, it was still more certainly subject to be bound by the agreement of the party himself making disposition of it. Whence it follows that the mortgage of that interest by Proctor to Threlkeld and Barnes, being prior in date to the attachment, created a prior equity. And although the mortgagees in their answer, do not pray for any decree, but a dismissal of the attachment, still as the real beneficiaries of the mortgage being defendants, pray expressly for the appropriate relief, and as the proceeds of the cattle were in the hands of the Court's receiver, it was proper to direct their payment to the parties entitled. There is no error in this respect, to the prejudice of any of the parties, and the decree as to this matter, is affirmed. But although it might have been proper to reduce any demand of the complainants enforcible by this attachment, by crediting thereon any usury contained in it, and even the

amount due from the non-resident complainant for negro hire, yet as the complainants do not make out a case for relief to any extent, and the defendant makes no independent claim—does not make his answer a cross bill, and asks no relief but by way of set-off, or reduction of the demand of the complainants, we think there was no ground for any decree on these points in favor of the defendant. The decree as to these matters, is therefore reversed, and the cause is re manded, that the bill may be dismissed.

In the case upon the bill of *Porter, &c.* vs *Proctor, &c.* in which Porter and others, mortgagees in a mortgage executed by Proctor, in February, 1843; and Threlkeld and Barnes, mortgagees in a second mortgage from the same party, dated in January, 1846, and covering a part of the same property, complain that six mules and a number of hogs included in these mortgages, or one of them, had been sold under the execution of Wood, &c. against Proctor, and purchased by other persons, who are made defendants. We are of opinion—1st, That there is no sufficient evidence of fraud, either in taking said mortgages, or either of them, or in the subsequent conduct of the parties; and therefore, that the first mortgage being prior to any of the executions referred to, the property which it covered was not subject to them, and was improperly sold. 2d, That the second mortgage having been executed while an execution against Proctor was in the hands of the proper Sheriff, and the lien thus created having been kept alive by the continued renewal of the executions, by placing each subsequent one in the hands of the Sheriff on the same day that the other was returned and on which it was returnable, and the execution to the county of Montgomery, to which the property was removed from Fleming, having been placed in the officer's hands during the life of the execution, which was in the hands of the Sheriff of Fleming when the property was removed, the execution thus sent to Montgomery, had precedence over the second mortgage, as to such property as was liable to execution. And 3d, That the purchaser of the lot of 34 hogs sold under this last execution, and

An execution in the hands of a Sheriff where property is, binds the property,' & and if new executions issue on the day the first is returnable the lien is thereby kept alive; and if the property be removed to another county whilst the execution thus binds, and an execution be sent to the county to which it is so removed, the lien will still be effectually preserved against any other incumbrance by the defendant in the execution.

FORMAN, &c.
*vs*
PROCTOR, &c.

which had been purchased by Proctor after the first, and before the second mortgage, was entitled to hold against both mortgages: *Hood & Graham* vs *Winsett*, (1 B. Monroe, 208.)

4th, We are also of opinion that the first mortgage

The produce or increase of stock mortgaged, is subject to the mortgage. It is an incident following the condition of the principal.

being, among other things, upon horses and hogs, must be regarded as covering and including, for a reasonable time, the produce or descendants of the female animals conveyed by the mortgage, these being incidents to the legal title and the right of immediate possession vested in the mortgagee, for whom the mortgagor holds the possession. Whence it follows, that the six mules and the lot of 56 hogs sold under the execution in Montgomery, were subject to the first mortgage, so fas as necessary to the satisfaction of the debts therein secured; and the complainants claiming under the first mortgage, have a right to hold the purchasers or other proper parties, responsible to this extent, for the value of the mules and hogs.

An inquiry should therefore have been instituted, to

A purchaser of property mortgaged should not be made liable for more than the debt secured by the mortgage.

ascertain not only the value of these mules and hogs, but also the amount of the mortgage debts remaining unpaid, and also an account of other property covered by the same mortgage, so that the purchasers of these mules and hogs should not be made liable, until the other mortgaged property remaining be applied to the satisfaction of the mortgage.

5th, We are of opinion that the Circuit Court erred in assuming that the landlord of Proctor had such lien upon the corn, mules and hogs, or other chattels taken in execution on the premises leased to Proctor, (but sold before the end of the year, and before any rent was due therefor by the terms of the lease,) as entitles him or them to claim any thing in this case, either from the execution creditor or purchaser of the officer who made the sale.

The 12th section of the execution law of 1828, cre-

The landlord has no lien but for rent due and in arrear. (2 *Dana*, 205; *Stat. Law of* 1828.)

ates or recognizes no such lien or claim, except for rent due and in arrear not exceeding one year's rent. And the landlord had no claim, on the ground that if the property had remained on the premises unsold until the

.end of the year, it would have been subject to distress for his rent. The principles applicable to this point, are clearly stated in the case of *Craddock* vs *Riddlesbarger*, (2 *Dana*, 205.) And according to those principles, there was no liability to the landlord in this case; nor do we undrstand that any such liability is sought to be enforced, independently of the second mortgage, which secures the rent. The corn is not included in any mortgage, and there seems to be no claim set up by any body on account of its sale.

The decree is erroneous to the prejudice of Wood, &c., in taking from them the benefit of the sale of the 34 hogs, and the corn referred to, in decreeing against them and the purchasers under their execution; and as to the six mules and fifty-six hogs, without taking an account to ascertain how far they must lose the benefit of that sale. And it is prejudicial to the first mortgagees, in not decreeing to them, but in effect decreeing to the second mortgagees and to the landlord, whatever should be paid on account of the said six mules and the fifty-six hogs sold under the execution. There is no error to the prejudice of the second mortgagees.

Wherefore, the decree in the case of *Porter*, *&c.* vs *Proctor*, is reversed, and the cause remanded for further proceedings and decree in conformity with this opinion. The plaintiffs in error are entitled to their costs in this Court, upon their writ of error, and on the cross errors of Barnes and Thrlekeld, and the first mortgagees are entitled to their costs on their cross errors.

*Cavan* for Forman; *Cord and Apperson* for Proctor and others.