## WYNN vs. CARTER and others.

*Equity—Protection of prior purchaser with unrecorded deed—Rights of subsequent purchaser under recorded deed.*

1.  Courts of equity, notwithstanding the recording act, will control and dispose of so much of the purchase money of land as remains unpaid, so as to protect a previous *bona fide* purchaser by an unrecorded conveyance, so far as this can be done without infringing upon the equitable rights of the subsequent purchaser, or of third persons.

2. But where the purchaser is bound for portions of the purchase money to third parties, so that the court cannot equitably relieve him from such obligations, it will not compel him to pay twice, in order to protect the interest of the party holding the earlier unrecorded deed or mortgage. So *held* in a case where the purchaser had assumed the payment of a mortgage which was a lien upon the premises at the time of his purchase.

APPEAL from the Circuit Court for *Rock* County.

On the 25th of November, 1854, one Newell sold and conveyed certain lands in Rock county to the plaintiff, *Wynn*, and the defendant *Lawsha*, who mortgaged back the premises to Newell, for $7,991.50, being a part of the purchase money. The deed and the mortgage were both recorded in December, 1854. In 1856, *Wynn* and wife conveyed their interest in the premises to *Lawsha*, and the deed was recorded August 27th of that year; and *Lawsha and wife*, about the same time, executed a mortgage of the premises to *Wynn*, which, however, was not recorded until March 1st, 1859. On the 12th of March, 1857, the defendant *Carter* purchased the premises of *Lawsha*, and took a deed of the same, which was recorded the same day. The consideration stated in this deed is $8000, and it contained covenants of seizin and general warranty, and against all incumbrances except the mortgage to Newell, which *Carter* covenanted to pay.

This action was brought to foreclose the mortgage of *Lawsha and wife* to *Wynn*, the amount due thereon being $1,620.23. *Carter* defended, claiming the premises free from the lien of said mortgage. It appears from the evidence that at the time the *Wynn* mortgage was put on record, *Carter* had paid about $6000 principal and interest on the Newell mortgage, and there was still due on it over $3000; that after the *Wynn* mortgage was recorded, and while said amount remained due on the Newell mortgage, *Carter* sold the greater part of the premises to the defendant *Pember*, executing to him a warranty deed; and that shortly after said *Wynn* mortgage was recorded, *Carter* had *actual* notice of its existence. As to the question whether *Carter* had such notice *before* his purchase, it is not deemed important

to set out the evidence here.    The circuit court found that he had not such notice at the time of his said purchase; and held that he was not liable to the plaintiff for the amount remaining unpaid on the Newell mortgage at the time when he subsequently received such notice.    Judgment for the defendant *Carter ;* from which the plaintiff appealed.

*Knowlton & Jackson*, for the appellant, contended, upon the evidence, that *Carter* had notice of the mortgage in suit before his purchase.    2. That if this was not so, yet it was certain that he had such notice before full payment of the purchase money; and that a court of equity would protect him only to the extent of the purchase money actually paid before notice. To this point they cited *Warner v. Whittaker*, 6 Mich., 135; *Thomas v. Graham*, Walker's Ch., 117; *Boone v. Chiles*, 10 Peters, 210, and cases there cited.

*J. B. Cassoday*, for respondent, cited sec. 25, ch. 86, R. S.; *Trotter v. Hughes*, 2 Kern., 74, and cases there cited; *Judson v. Gray*, 17 How. Pr. R., 295; *Del. & Hud. Canal Co. v. Westchester Co. Bank*, 4 Denio, 97; 5 Wend., 235; 1 Parsons on Con., 389; *Wood v. Chapin*, 13 N. Y., 509.

DIXON, C. J.    This case presents an important question of fact, and the evidence should have been printed.    It is not. The appeal should for this reason, in strictness, be dismissed. But we have read the evidence in manuscript, and think it fully sustains the finding of the court below.    It leaves no doubt upon our minds that *Carter* purchased in good faith and for a valuable consideration.

This fact being found in *Carter's* favor, the case seems very clear, under the recording act.    The plaintiff's counsel argue as if it were a mere claim to equitable relief according to the rules of the court of chancery.    But in this we think they are mistaken.    *Carter's* deed was recorded before the plaintiff's mortgage, and his claim comes strictly within the 25th section of the recording act.    R. S., ch. 86.    That section reads as fol-

lows: "Every conveyance of real estate within this state here-after made, which shall not be recorded as required by law, shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded." *Carter's* right depends, then, not upon the protection afforded by courts of equity, independently of the statute, to subsequent purchasers for a valuable consideration without notice, but upon the protection given by the statute itself, which is in some respects materially different. The doctrine of equitable protection is surrounded by restrictions, some of which are inapplicable under the statute. One point of difference, in particular, is that which arises from the nature of the estate purchased. In equity, the purchaser must have acquired an absolute legal estate, or believed that he was doing so. He must aver and prove that his vendor was seized in fee, or pretended to be seized; and if he purchases an equitable title, he takes it subject to all existing equities, whether notified of them or not. But under the statute this is not so. With certain exceptions, the statute protects every estate or interest in lands, as well equitable as legal. By secs. 34 and 35 of the act, the term "purchaser" is declared to embrace every person to whom any estate or interest in real estate shall be conveyed for a valuable consideration, and the term "conveyance," every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged or assigned, or by which the title to any real estate may be affected in law or equity, except wills, leases for a term not exceeding three years, and executory contracts for the sale or purchase of lands. See also *The State of Wisconsin v. Titus,* 17 Wis., 244, 245.

As to the facts necessary to constitute a *bona fide* purchase, the statute, under the construction which it has received, has made no material change. The language is, that the previous unrecorded conveyance shall be void as against the subsequent purchaser whose conveyance shall be first duly recorded; but

courts of equity, looking at the intention rather than the words of the act, hold the purchaser to be bound by the previous conveyance, wherever he would, under the same circumstances, have been bound in equity before the passage of the act. They will not permit him to use what the law has placed in his hands as a shield, for a purpose not necessary to his protection, and to the injury of a prior *bona fide* purchaser. They may not, perhaps, deprive the subsequent purchaser in good faith of his title, but they will, in all cases, control and dispose of the purchase money, or so much of it as may remain unpaid, so as to protect a previous *bona fide* purchaser by an unrecorded conveyance, so far as this can be done without infringing upon the equal rights or equities of the subsequent purchaser or third persons. Regarding the case, then, in this respect, as depending upon the strict equity doctrine, what are the rights of the plaintiff? His counsel insist that as *Carter* had notice of the plaintiff's mortgage before the purchase money was fully paid, and whilst enough remained unpaid to discharge the mortgage, the plaintiff is entitled to a lien and judgment for the full amount. It is in general true that the purchase money must all have been paid before notice, and that it is not enough that it is merely secured to be paid. But this rule is not without its exceptions. The giving of negotiable promissory notes for the price, which have been negotiated and passed into the hands of innocent holders for value, will constitute one a *bona fide* purchaser in equity. The subsequent purchaser, in such case, having become bound, in a way that the court cannot relieve him, for the payment, it can grant no relief to the previous purchaser. The equity of the latter by reason of his prior conveyance, is met and overcome by that of the former, who otherwise would be obliged to pay twice. *Thomas v. Graham*, Walker's Ch. R., 119 ; *Freeman v. Deming*, 3 Sandf. Ch., 327. And it seems to us that *Carter's* equity in this case is the very same as if he had given his own negotiable notes to Lawsha, secured by a mortgage upon the premises,

and they had been transferred before maturity, for value, to Newell. He assumed the payment of the mortgage to Newell, which was an existing lien upon the premises. That mortgage he must pay at all events, or lose the property; and if, in addition, he is also required to pay the mortgage to the plaintiff, the consequence is the same as in the other case—he must pay twice. In either case we are of opinion that he is entitled to the same relief, and that the plaintiff cannot be rewarded for his own negligence in not recording his mortgage, at the expense of one who has been guilty of no neglect, and who entered into the transaction in the most perfect good faith. In *Jackson v. Winslow*, 9 Cowen, 12, a similar question was presented, and it was decided that a grantee's assuming the payment of a debt due from his grantor, is a sufficient consideration to make a purchase or mortgage of land valid within the registry acts, as against an unrecorded deed.

These observations, we believe, dispose of the principal objections urged against the judgment, and show that it must be affirmed.

*By the Court.*—Judgment affirmed.