## WINTER v. LANDPHERE.

1. **Mortgage:** CHATTELS: NOTICE. To defeat a sale of chattels the description in the mortgage must be sufficiently specific to enable third persons who have examined the record, and made such inquiries as the instrument itself suggests, to identify the property covered thereby.

2. ———: ———: ———. A mortgage of two cows, which was duly recorded, failed to include their increase. The mortgagor, who retained possession of the cows, sold their calves when they were eighteen months old: *Held*, that the mortgage would not defeat the sale.

*Appeal from Butler Circuit Court.*

THURSDAY, MARCH 23.

REPLEVIN for two heifers. The cause was submitted to the court without a jury upon an agreed statement of facts, and a judgment was rendered for defendant. Plaintiff appeals.

*H. C. Hemenway*, for appellant.

*A. Converse*, for appellee.

BECK, J.—The plaintiff claims the animals, the ownership of which is involved in this suit, under a mortgage executed by one Gano upon two cows, the dams of the heifers replevied. The cows were kept in the possession of the mortgagor after the execution of the mortgage, and brought forth the animals in controversy while so held. When about the age of eighteen months, they were sold by the mortgagor to defendant and taken to and kept upon his farm for about six months, until the commencement of this action. It is not shown in the agreed statement of facts that the mortgage, by its terms, covers the increase of the property conveyed therein; the case will be determined in view of the fact that no such provision is incorporated in the instrument. The defendant had no notice of plaintiff's claim that the mortgage covered the heifers. The mortgage was duly recorded.

The question presented for our decision is this: Does the mortgage cover the heifers, being the natural increase of the mortgaged property?

It will be observed that when the mortgagor sold to defendant the heifers they were eighteen months old; the time had passed when it was necessary for their nurture to permit them to follow the cows. At such time it is unnatural to separate the calf from its dam, when it is not taken to the butcher. The two are then usually disposed of together. It may be that during that time the law would regard the calf as covered by a mortgage upon the cow. But as the point is not in the case we do not decide it. The facts before us, we are sure, require the application of a different rule.

The mortgagee of personal property holds the title and right of possession thereof. But when left in possession of the
1. MORTGAGE: mortgagor a sale by him to one having no notice
chattels: no-
tice.        of the mortgage will convey the property as against the mortgagee. The registry of the mortgage, in contemplation of the law, imparts notice of the conveyance of the property described therein. But in order to bind persons having no notice of the transaction, the mortgage and record must sufficiently describe the property covered by it. A description which will enable third persons, aided by inquiries

which the instrument itself suggests, to identify the property conveyed, is sufficient. Nothing short of this will impart notice to purchasers. *Smith & Co. v. McLean*, 24 Iowa, 323.

The property in question is in no manner described in the mortgage, nor are any inquiries indicated therein which

2. ——: ——; would enable a purchaser to ascertain that it was —— . intended to be conveyed. In truth the mortgage itself would tend to restrain inquiries for it simply covers two cows and nothing more. A purchaser would infer that nothing else was intended to be covered by the instrument. It cannot, therefore, be fairly claimed that the mortgage and the record thereof imparted notice of plaintiff's claim to the property. Whatever may be the rule in regard to the property in the increase of animals which are the subjects of transfers of this kind, it is very plain that if such increase follows the dam in ownership, a conveyance by the mortgagor having the possession thereof, to a purchaser without notice actual or constructive, will be valid. In the case before us the record of the mortgage on account of the absence of description fails to impart constructive notice of plaintiff's claim; there was no actual notice thereof. The transfer of the heifers to defendant, therefore, cannot be defeated by the mortgage. This view of the case relieves us of the necessity of inquiring whether the increase of animals are covered by conveyance of the dams, for if it be admitted, in this case defendant would hold the property as a purchaser without notice from the mortgagor having possession of the property. The judgment of the District Court is

AFFIRMED.