### DARLING v. WILSON.

A mortgage of live stock does not create a lien on the increase of such stock, as against innocent third parties, beyond the period requisite for the suitable nurture of such increase.

TROVER, for a horse. Facts found by a referee.

The plaintiff claimed title under a mortgage of certain articles of personal property, among which was "one bay mare seventeen years old." The mortgage was dated February 2, 1877. The

mare was with foal when the mortgage was made, and she had a colt in June, 1877. The defendant attached this colt in May, 1879, on a writ against the mortgagor, and this is the tort complained of. The mare, described in the mortgage, was sold in August, 1877, by consent of the mortgagee. There was no mention in the mortgage, or on the record thereof, that the mare was with foal, and the defendant had no knowledge that the colt was claimed under the mortgage until this suit was commenced.

*Wellington*, for the plaintiff.

*Albee*, for the defendant.

STANLEY, J. The effect of the mortgage, when executed, was to give the mortgagee a lien upon the mare, and upon the colt, with which she was with foal. *Cudworth* v. *Scott*, 41 N. H. 456; *Forman* v. *Proctor*, 9 B. Mon. 124; *Evans* v. *Merriken*, 8 Gill & J. 39; *M'Carty* v. *Blevins*, 5 Yerg. 195; *Fonville* v. *Casey*, 1 Murph. 389. This principle is not disputed, but how long this lien continues, no mention of the increase being made in the mortgage, is not entirely clear. There being nothing in the mortgage showing an intention to create a lien upon the increase of stock mortgaged, the lien existing only as an incident to the mortgage, would, as between the parties, continue so long only as is necessary for the suitable nurture of the increase. This view is supported upon sound principles. But however this might be as between the parties, as between the mortgagee and an attaching creditor not having notice, and not put on inquiry, there could be no doubt. The mortgage making no mention of the increase, conveys no notice to third persons of any lien. Indeed, it would tend to restrain inquiries. The possession of the mortgagor is evidence of title, and a purchaser, or attaching creditor, finding the mortgagor in possession, and finding nothing upon the records indicating any lien, and having no knowledge of a lien, has the right to infer that the property is unencumbered. The record is a substitute for a change of possession. The purpose of the record is to give notice that the person in possession is not the absolute owner, and to do this there must be such description as will put the purchaser or attaching creditor upon inquiry, and enable him to discover the true state of the title. If it falls short of this, the object of the statute of registration is not accomplished. How can it be said that a description, which in no way alludes to the subject-matter of the inquiry, is constructive notice that another thing, which at some remote period may have had a connection with some article of property described in the mortgage, is included in it? What is there, in the fact that the mortgage in this case, made in February, 1877, was upon "one bay mare seventeen years old," to suggest to a stranger, who examined the records in

May, 1879, that a colt two years old, which the mortgagor had in his possession, he having sold the mare, was the offspring of the mare mortgaged? The mortgage, being constructive notice merely, cannot be notice of a lien upon property which is not described in such way as to suggest an inquiry in regard to it.

If the plaintiff's view is correct, there is no limit to the amount of property that can be held upon a mortgage of live stock. If the mortgage covers the increase of the particular animals mortgaged, so that they cannot be sold to an innocent purchaser or attached by an innocent creditor, it would, for the same reason, cover the increase of the increase to an indefinite period, and no person would be safe in purchasing live animals of one who had at any time made a mortgage upon his live stock, without examining into the pedigree of the animal and ascertaining whether some of its ancestors were among those mortgaged, however great the inconvenience or expense in so doing. This is not the law. *Winter* v. *Landphere*, 42 Iowa 471.

Upon the facts found by the referee, the colt was open to attachment, and the defendant is entitled to

*Judgment on the report.*

BINGHAM, J., did not sit : the others concurred.