Funk vs. Paul.

Funk, Appellant, vs. Paul, Respondent.

*September 7 — September 22, 1885.*

64  35
84  343
84  610

Chattel Mortgages. *(1) Domestic animals: Increase.* *(2)* **Who is** a "bona fide *purchaser*."

1. Where domestic animals are mortgaged during the period of gestation, the offspring when born will, as between the parties to the mortgage, be covered thereby; but as against a *bona fide* purchaser or incumbrancer acquiring his title or lien without notice of the facts and after the period of nurture has passed, such offspring will not be covered by the mortgage.
2. One who takes a mortgage of chattels to secure a pre-existing debt which is not yet due, and without any new consideration, is not entitled to protection as a *bona fide* purchaser or incumbrancer.

APPEAL from the Circuit Court for *Rock* County.

The case is thus stated by Mr. Justice Cassoday:

" The following facts appear from the record:

" January 3, 1883, one Peter Gleim borrowed of the defendant $750, and gave to him therefor his note for the amount, due in one year, secured by chattel mortgage on certain personal property therein described, including 'six (6) milch cows' in Gleim's possession, on his farm, by that description, and no other. That mortgage was duly filed in the proper office on the day it was given. Four of the cows were with calf, and dropped their calves in April, 1883. These four cows and their four calves remained in Gleim's possession until in March, 1884.

" Gleim being indebted to the plaintiff on a note for $225, given in January, 1883, and due in January, 1884, to secure the same, and at the plaintiff's request, did, October 8, 1883, execute and deliver to the plaintiff a chattel mortgage on certain personal property therein described, including 'five spring calves' in the possession and on the farm of Gleim, and these calves included the four calves above mentioned, which mortgage was duly filed in the proper

office on the day it was given; and the only consideration
therefor was the prior indebtedness on said note, and that
was a *bona fide* indebtedness.

"In March, 1884, Gleim having given two other chattel
mortgages, which were duly filed, to other parties, upon his
personal property, upon some of which they were first liens
and upon the balance subsequent liens, ran away, leaving
the property on his farm. Thereupon a constable, acting
as agent for all the mortgagees, took possession of all the
property then on the farm covered by any of the mort-
gages, and, after having advertised the same, sold all the
property at public sale. At such sale, by an arrangement
made by all the mortgagees, the defendant acted as treas-
urer, and received all the moneys and proceeds of the
property sold. After the sale the mortgagees came to-
gether, and after paying from the proceeds the expenses of
sale, settled among themselves the fractional shares of such
moneys and proceeds to which they were severally and of
right entitled, and such shares were severally paid over to
them respectively by the defendant, except that both the
defendant and the plaintiff claimed the net proceeds of the
four calves mentioned, amounting to $66, which sum the de-
fendant refused to pay over to the plaintiff, but claimed it
as his own under his chattel mortgage. All the moneys
and property retained by the defendant, including the $66,
were insufficient to pay up the amount due on his note and
mortgage. It was not necessary for a calf to follow a cow
for nurture more than four months, and these calves,
shortly after they were dropped, were kept by Gleim in a
lot by themselves, separate from the cows, until after the
plaintiff's mortgage was given. The plaintiff, at the time
of taking his mortgage, had no actual notice of any prior
mortgage.

"To recover the $66 so retained by the defendant this
action was brought. In the justice's court the plaintiff ob-

tained judgment, but on appeal the circuit court, upon the facts stated, gave judgment for the defendant. From that judgment the plaintiff appeals."

*Charles M. Scanlan,* for the appellant, contended, *inter alia,* that the mortgage to the defendant did not cover the increase of the cows. The property mortgaged must be in *actual existence* when the mortgage is given, and "actual existence" does not cover the period of gestation. *Comstock v. Scales,* 7 Wis. 159; *Winter v. Landphere,* 42 Iowa, 471; *Single v. Phelps,* 20 Wis. 398; *Muir v. Blake,* 57 Iowa, 662; *Mowry v. White,* 21 Wis. 417; Jones, Chat. Mortg. secs. 55, 149, 150. The mortgagor is not only entitled to the increase but also has an interest in the property originally mortgaged which he may sell or mortgage. *Cotton v. Watkins,* 6 Wis. 629; *Frisbee v. Langworthy,* 11 id. 375; *Shepardson v. Green,* 21 id. 539; Benjamin on Sales, sec. 320, note; *Appleton Iron Co. v. B. A. Ass. Co.* 46 Wis. 23. Attempting to mortgage the increase would be no more than giving to the mortgagee a contract for a mortgage, or a license to take possession of the property when it should be in actual existence, which the mortgagor could revoke at pleasure. In this case if Gleim had given such license to the defendant he revoked it by giving the mortgage to the plaintiff. *Chynoweth v. Tenney,* 10 Wis. 397; *Oliver v. Town,* 28 id. 328; *Farmers' L. & T. Co. v. Comm. Bank,* 11 id. 207; *Morrow v. Reed,* 30 id. 81; *Montgomery v. Chase,* 30 Minn. 132; *Lamson v. Moffat,* 61 Wis. 153; *Lormer v. Allyn,* 64 Iowa, 725; *Case v. Fish,* 58 Wis. 56; Jones, Chat. Mortg. secs. 119, 161–2, 164. That the filing of a chattel mortgage may operate as notice, the description of the property therein must be clear, specific, and in terms cover all that is intended to be mortgaged. Jones, Chat. Mortg. secs. 55, 149, 150, 236; *Winter v. Landphere,* 42 Iowa, 471; *Miller v. Miller,* 63 id. 387; *Manufacturers' Bank v. Rugee,* 59 Wis. 221; *Fowler v. Hunt,* 48 id. 345; *Morrow v. Reed,* 30 id. 81; *Clay v. Currier,* 17

N. W. Rep. 760; *Hayes v. Wilcox*, 61 Iowa, 732; *Everett v. Brown*, 64 id. 420; *Montgomery v. Chase*, 30 Minn. 132. The mortgage must show on its face that the mortgagor intended to include the increase. Jones, Chat. Mortg. secs. 67, 167; *Lormer v. Allyn*, 64 Iowa, 725; *Carr v. Allatt*, 27 L. J. (Exch.) 385; *Farmers' L. & T. Co. v. Comm. Bank*, 15 Wis. 424.

*B. F. Dunwiddie*, for the respondent, to the point that a mortgage of a cow with calf would cover the calf when born, as between mortgagor and mortgagee, cited *Arnold v. Stock*, 81 Ill. 407; *Gundy v. Biteler*, 6 Bradw. 510; *Hughes v. Graves*, 1 Litt. (Ky.), 317; *Thorpe v. Cowles*, 55 Iowa, 408; *Fowler v. Merrill*, 11 How. 375; *Forman v. Proctor*, 9 B. Mon. 124; *Evans v. Mirriken*, 8 Gill & J. 39; *McCarty v. Blevins*, 5 Yerg. 195; Herman, Chat. Mortg. sec. 44; *Kellogg v. Lovely*, 46 Mich. 131. The plaintiff was not an innocent purchaser for value, the only consideration for his mortgage being an antecedent debt. He can, therefore, claim no other protection than the mortgagor himself. *Bowman v. Van Kuren*, 29 Wis. 209; *Woodburn v. Chamberlin*, 17 Barb. 446; *Van Slyck v. Newton*, 10 Hun, 554; *Tiffany v. Warren*, 37 Barb. 571; *Jones v. Graham*, 77 N. Y. 628; *Cary v. White*, 52 id. 138; 2 Pomeroy's Eq. Jur. secs. 748–9.

CASSODAY, J.   It has long been settled that "a grant of that which a grantor has potentially, though not actually, is good." *Grantham v. Hawley*, Hob. (132) 286; *Fonville v. Casey*, 1 Murph. 389; *S. C.* 4 Am. Dec. 559; *McCarty v. Blevins*, 5 Yerg. 195; *S. C.* 26 Am. Dec. 262.   In this state a chattel mortgage given upon a crop of grain at or about the time it is sown, and before it is up, or has any appearance of a growing crop, is wholly inoperative upon such crop when grown.   *Comstock v. Scales*, 7 Wis. 159; *Lamson v. Moffat*, 61 Wis. 153.   But where such chattel mortgage

has been given after the seed sown has sprouted and made its appearance above the ground as a growing crop, there can be no doubt but what it is operative and covers the grain when it comes into existence as the product or as an accession to what was growing when the mortgage was given and covered by it. *Bryant v. Pennell*, 61 Me. 108; *Conderman v. Smith*, 41 Barb. 404.

On the same principle, where the owner of a domestic animal gives a mortgage thereon during the period of gestation, the mortgagee will, as against the mortgagor, be entitled to the offspring when born. *McCarty v. Blevins*, *supra; Conderman v. Smith*, *supra; Hughes v. Graves*, 1 Litt. (Ky.), 317; *Evans v. Merriken*, 8 Gill & J. 39; *Forman v. Proctor*, 9 B. Mon. 124; *Fowler v. Merrill*, 11 How. 375, 396; *Kellogg v. Lovely*, 46 Mich. 131.

But it is urged that notwithstanding the mortgage may cover the calves, as between the parties, yet that as they are not described nor in any way referred to in the defendant's mortgage, the filing of it was not constructive notice to the plaintiff, and hence that his mortgage gives him the superior right. Had the defendant, upon obtaining his mortgage, taken possession of the cows, and retained them, and the calves, when dropped, until after the plaintiff obtained his mortgage, then he undoubtedly could have held them as against the plaintiff. By reason of such possession the plaintiff and the world would have been conclusively presumed to know the defendant's interest in and right to the calves. Our statute authorizes the filing of the mortgage in lieu of such possession, and as equivalent to it. Sec. 2313, R. S. Such filing is constructive notice to third parties, subsequently dealing with the property, as to the rights and interest of the mortgagee in the property mortgaged. Such constructive notice is, of course, co-extensive with the contents of the mortgage so filed. But, from the very nature of things, it cannot be constructive notice of

facts existing *dehors* the mortgage and in no manner re-
ferred to in it, unless the contents of the mortgage, together
with the facts and circumstances connected with the mort-
gaged property or its possession, are such as to give actual
or constructive notice of the rights of the mortgagee to
those subsequently dealing with the property; or, at least,
sufficient to put them upon inquiry. While the calves
were following the cows for nurture, it may be that a per-
son acquiring an interest in them by purchase or mortgage
would be presumed to know that the mortgage was given
during the period of pregnancy.

In *Forman v. Proctor*, 9 B. Mon. 124, it was held "that
the first mortgage . . . must be regarded as covering
and including, *for a reasonable time*, the produce or descend-
ants of the female animals conveyed by the mortgage, these
being incident to the legal title and the right of immediate
possession vested in the mortgagee, for whom the mort-
gagor holds the possession." The "reasonable time" men-
tioned manifestly meant the period during which the young
followed their mothers for nurture. In *Winter v. Land-
phere*, 42 Iowa, 471, the mortgagor sold the calves when
they were eighteen months old, and the court said "the
time had passed when it was necessary for their nurture
to permit them to follow the cows. At such time it is un-
natural to separate the calf from its dam, when it is not
taken to the butcher. The two are then usually disposed of
together. It may be that during that time the law would
regard the calf as covered by a mortgage upon the cow.
. . . A description which will enable third persons, aided
by inquiries which the instrument itself suggests, to identify
the property conveyed is sufficient. Nothing short of this
will import notice to purchasers." To the same effect is
*Thorpe v. Cowles*, 55 Iowa, 408.

The case of *Winter v. Landphere, supra*, is cited approv-
ingly in *Darling v. Wilson*, 60 N. H. 59; *S. C.* 49 Am. Rep.

Funk vs. Paul.

305. But the court in this last case goes further and declares that "there being nothing in the mortgage showing an intention to create a lien upon the increase of stock mortgaged, the lien existing only as an incident to the mortgage, would, *as between the parties,* continue *so long only* as is necessary for the suitable nurture of the increase. This view is supported upon sound principles." To our minds this view cannot be sustained upon sound principles. The lien was created by the mortgage, and, so far as the mortgagor is concerned, was entirely independent of the nurture. The mortgage was a valid lien upon the increase, as against the mortgagor in possession, and he necessarily knew, when the mortgage was given, the young dropped, and the period of gestation, and hence there would seem to be no valid reason for terminating the lien, as against the mortgagor, merely because the period of "suitable nurture" had passed. Such nurture did not give the lien, and its termination could not take it away as against the mortgagor. As to such mortgagor the question of notice or insufficiency of description is not involved, for he had actual notice that such increase was, in fact, covered by the mortgage. But as to subsequent *bona fide* purchasers and mortgagees without notice the question is different. As to them, the period of nurture being passed, and the young being entirely separated from the mother, and not being mentioned in the mortgage, nor any longer connected with the mother covered by the mortgage, they have neither actual nor constructive notice of the mortgagor's rights and interests, nor anything to put them upon inquiry.

In the case before us the period of nurture had passed, and the calves were kept by the mortgagor in a field separated from the cows, so that a *bona fide* purchaser or mortgagee without notice would have been protected. Was the plaintiff such mortgagee? He took the mortgage to secure an indebtedness incurred many months before and not yet due, and without any new consideration. The mortgage,

though requested, was purely voluntary, and gave the mortgagee no greater right or interest in the calves than the mortgagor possessed. *Bowman v. Van Kuren*, 29 Wis. 209; *Body v. Jewsen*, 33 Wis. 409; *Bay v. Coddington*, 5 Johns. Ch. 54; *S. C.* 9 Am. Dec. 268; *Atkinson v. Brooks*, 26 Vt. 569; *S. C.* 62 Am. Dec. 592. To constitute a *bona fide* purchaser or mortgagee, there must not only be an absence of notice, but also a payment of, or fixed liability for, the consideration. *Nantz v. McPherson*, 7 T. B. Mon. 597; *S. C.* 18 Am. Dec. 216; *Cummings v. Coleman*, 7 Rich. Eq. 509; *S. C.* 62 Am. Dec. 402; *Wynn v. Carter*, 20 Wis. 107.

*By the Court.*— The judgment of the circuit court is affirmed.