## ROGERS & DEWEY v. HIGHLAND ET AL.

1. **Chattel Mortgage**: COLTS OF MORTGAGED MARES: ATTACHING CREDITORS. The sucking colts of mares mortgaged before the colts are foaled are covered by the mortgage until they are weaned, or should be weaned, according to the course of nature or the custom of those who raise horses; and during such time the mortgagor has no such interest in them as to render them subject to attachment for his debts. See opinion for authorities.

*Appeal from Guthrie Circuit Court.*

TUESDAY, OCTOBER 12.

ACTION by attachment, in which two colts were levied upon as the property of defendant. Mount intervened, claiming the colts under two mortgages executed to him by the defendant. A demurrer to the petition of intervention was sustained. The intervenor appeals.

*W. H. Stiles*, for appellant.

*Porter & Porter*, for appellees.

BECK, J.—I. The animals seized under the attachment were two sucking colts, two and three months old respectively. The intervenor alleges in his petition that before the colts were foaled the defendant executed to him two chattel mortgages upon the dams of the colts, which had been duly recorded, and that the colts were sucklings, of the age of two and three months, respectively, when the attachment was levied upon them, and were, at the time of the levy, in the possession of defendant. The intervenor also alleges that before the levy he notified plaintiffs of his mortgages, and his rights thereunder. The mortgages gave the intervenor the right to take possession of the mortgaged property whenever he should choose to do so. The demurrer was sustained, on the ground that the mortgages did not attach to the increase or progeny of the mares.

II. In our opinion, the right of possession of the colts was vested by the mortgage in the intervenor, and this right continued certainly until the colts were weaned, or should be weaned, according to the course of nature or the usual custom of those who raise horses. The right of possession of the colts follows the dams, for the reason that the two cannot or ought not to be separated; and, when a mare having a young colt is sold, the foal usually goes with her, unless, by express agreement, it is retained by the seller. The reason for this rule rests upon the necessity of permitting the foal to draw nurture from the dam until the weaning time. As between the mortgagor and mortgagee, this rule, we

think, is not only supported by reason, but it has the sanction of authority. See the following cases: *Winter v. Landphere*, 42 Iowa, 471; *Funk v. Paul*, 64 Wis., 35; S. C., 24 N. W. Rep., 419; *Hughes v. Graves*, 1 Litt., (Ky.,) 317; *Evans v. Merriken*, 8 Gill & J., 39; *Forman v. Proctor*, 9 B. Mon., 124; *Fowler v. Merrill*, 11 How., 375 (396); *Kellogg v. Lovely*, 46 Mich., 131; S. C., 8 N. W. Rep., 699; *Darling v. Wilson*, 60 N. H., 59. The attaching creditor acquires through his attachment no higher or better right to the property seized than was held by the defendant when the attachment was levied, unless some fraud or collusion of the parties would change the rights of those concerned. *Thomas v. Hillhouse*, 17 Iowa, 67.

It follows from these views that the intervenor held, under his mortgages, the right of possession of the property. The demurrer to his petition was therefore erroneously sustained.

REVERSED.