F. H. HOLT v. A. T. LUCAS, *as Sheriff, etc., et al.*

No. 15,507. (96 Pac. 30.)

SYLLABUS BY THE COURT.

1. CHATTEL MORTGAGES—*Lien on Accession—Potential Existence —Duration of Lien.* A chattel mortgage on domestic animals which in terms covers the increase thereof, and which is executed during the period of gestation and duly filed for record, creates a lien upon the increase when the same are born, which will continue so long as the mortgage lasts, not only as between the mortgagor and mortgagee but as against creditors and *bona fide* purchasers of the mortgagor.

2. —————— *Priority of Liens—Burden of Proof.* In an action between the holder of such a chattel mortgage and a creditor of the mortgagor involving the right to the possession of the increase the burden is upon the mortgagee to establish that such increase was conceived before the mortgage was given, and was therefore in actual or potential existence.

3. —————— *Rights of Attaching Creditor.* An attaching creditor may acquire greater and better rights to mortgaged personal property belonging to his debtor than the debtor himself could claim at the time the attachment is levied.

Error from Shawnee district court; ALSTON W. DANA, judge.. Opinion filed April 11, 1908. Reversed.

*W. H. Holmes,* and *J. B. Larimer,* for plaintiff in error.

*L. H. Greenwood,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: F. H. Holt brought an action in replevin to recover ten hogs, valued at $150, and eleven calves, valued at $55. His right to the possession of the property rests upon a chattel mortgage given by Louis H. Wiggin, dated April 5, 1904. Defendant F. P. Dickson claims the property by virtue of an attachment levied thereon by the sheriff of Shawnee county subsequent to the date of plaintiff's mortgage.

The controversy is over the increase of the stock

described in the mortgage. The mortgage includes seven brood-sows, nine cows and heifers, and all the increase thereof. The defendants claim that plaintiff allowed the calves and pigs in controversy to remain in the possession of the mortgagor after the expiration of the natural weaning period and after they had ceased to follow their mothers, and that for this reason, as against an attaching creditor, the increase was no longer subject to the mortgage lien.

The jury found for defendants, and found the value of the property to be $180. In answer to special questions they found that the note secured by the mortgage was due and unpaid; that the property in controversy was the increase of the stock mentioned in the mortgage; that the ten hogs were not littered at the time the mortgage was given, and were twenty months old when the action was begun; that the calves were born in the spring of 1905, and were from eight to eleven months old when the action was commenced. There was also a finding that the property in controversy was in the possession of the mortgagor at the time of the attachment, and that plaintiff had never taken possession of the same under his mortgage. Another finding was that all of the increase had passed the nurture period and were separated from their mothers. The plaintiff filed a motion for judgment on the special findings notwithstanding the general verdict. This was denied, and judgment was rendered in favor of the defendants, which the plaintiff seeks by this proceeding to reverse.

The principal question involved is whether the increase is subject to the lien of the mortgage notwithstanding the fact that the nurture period had passed and the animals had ceased to follow their mothers and were separated therefrom. In *Corbin v. Kincaid*, 33 Kan. 649, 7 Pac. 145, it was held that a mortgage on domestic animals which in terms covers the increase is valid as to the increase. The question of the duration of the mortgage lien was not involved. A chattel

mortgage given upon a crop after the seed sown has sprouted covers the grain, because the latter is an accession to what was already in existence when the mortgage was given, and, by analogy to this doctrine, the increase of domestic animals conceived but unborn at the time the mortgage is given may be included therein. This rule is recognized in volume 6 of the Cyclopedia of Law and Procedure, at page 1049, with the modification that "as against a purchaser without actual or constructive knowledge of the mortgage the lien does not continue after a suitable period of nurture has elapsed." (To the same effect is Jones, Chat. Mort., 4th ed., § 149.) The authorities cited in support of the foregoing texts, so far as we have examined them, are cases in which the increase was not mentioned in the mortgage. The authorities quite generally sanction the rule that a mortgage on domestic animals covers the increase even though it is silent with reference thereto; and there may be reasonable grounds for holding that where the mortgage is silent with reference to increase, and is given during the period of gestation, the lien should cover the increase only during the nurture period, but it is not necessary to decide that in this case. Some of the cases which restrict the lien to the nurture period are: *Forman, &c. v. Proctor, &c.*, 48 Ky. 124; *Thorpe Bros. & Co. v. Cowles,* 55 Iowa, 408, 7 N. W. 677; *Kellogg v. Lovely,* 46 Mich. 131, 8 N. W. 699, 41 Am. Rep. 151; *Winter v. Landphere,* 42 Iowa, 471; *Darling v. Wilson,* 60 N. H. 59, 49 Am. Rep. 305; *Rogers & Dewey v. Highland et al.,* 69 Iowa, 504, 29 N. W. 429, 58 Am. Rep. 230; *Rogers v. Gage,* 59 Mo. App. 107. In *Darling v. Wilson, supra,* the court said:

"There being nothing in the mortgage showing an intention to create a lien upon the increase of stock mortgaged, the lien existing only as an incident to the mortgage would, as between the parties, continue so long only as is necessary for the suitable nurture of the increase. This view is supported upon sound principles." (Page 60.)

In *Funk v. Paul*, 64 Wis. 35, 24 N. W. 419, 54 Am. Rep. 576, the view taken in *Darling v. Wilson* was criticized, and the court used this language:

· "There would seem to be no valid reason for terminating the lien, as against the mortgagor, merely because the period of 'suitable nurture' had passed. Such nurture did not give the lien, and its termination could not take it away as against the mortgagor." (Page 41.)

The increase was not mentioned in the mortgage, and the court, while holding the mortgage a valid lien thereon as between the parties, declared that it would not be valid as against *bona fide* purchasers without notice.

In the present case the mortgage in terms describes the increase, and, in our opinion, must be held a valid lien upon such increase as had an actual or potential existence when the mortgage was executed, and binding not only as to the parties themselves but as to third parties. There appears to be no reason why the lien should be restricted to the period during which the young are following their mothers. The mortgage itself, by the mention of the increase, gives to subsequent purchasers and creditors sufficient notice to place them upon inquiry as to what animals the increase consists of. Cases of hardship frequently arise where live stock covered by a chattel mortgage have altered their appearance by growth, or have been removed to another county, and all the notice which a *bona fide* purchaser may have that a mortgage is in existence affecting them is constructive notice.

The plaintiff argues that the mortgage, being good as between the parties, is valid as against an attaching creditor, for the reason, as he contends, that an attaching creditor is not an innocent purchaser and takes no better title than the attachment debtor had at the time of the levy. The contention is opposed to the prior decisions of this court. For instance, a chattel mortgage unrecorded is good between the parties.

but absolutely void as against an attaching creditor of the mortgagor, where at the time of the levy the mortgagee is not in the actual possession of the property. (*Implement Co. v. Parlin & Orendorff Co.*, 51 Kan. 566, 33 Pac. 363, and cases cited.) The language of our statute is, in substance, that an unrecorded chattel mortgage, not accompanied by immediate delivery and followed by actual and continued change of possession, will be absolutely void as against the creditors of the mortgagor and as against subsequent purchasers and mortgagees in good faith.

There is another principle of law which is not argued in the briefs which in our opinion has a vital bearing upon this case. The common-law doctrine that a chattel mortgage can only operate on property having an actual and potential existence at the time the mortgage is executed has often been recognized in previous decisions as the law in this state. Unless the property can be said to be in existence there is nothing for the mortgage to operate upon, and it is void. (*Long v. Hines,* 40 Kan. 216 and 220, 16 Pac. 339, 10 Am. St. Rep. 189 and 192, 19 Pac. 796.) So far as third persons are concerned, it can never be treated as a chattel mortgage. (*Cameron, Hull & Co. v. Marvin,* 26 Kan. 612; *Townsend v. Allen,* 62 Kan. 311, 62 Pac. 1008, 52 L. R. A. 323, 84 Am. St. Rep. 388; *Bank v. McIntosh,* 72 Kan. 603, 84 Pac. 535.) Between the parties the mortgage may be valid, and if after the property comes into existence the mortgagee take possession he may hold it against the mortgagor or against third persons, as a pledge for the security of his debt. (*Cameron, Hull & Co. v. Marvin,* 26 Kan. 612.)

The application of this rule to the case at bar demonstrates that, as to the calves which from the findings of the jury it appears could not have been in actual or potential existence at the time the mortgage was executed, the judgment is erroneous. The finding is that the calves were from eight to eleven months old at the time the action was commenced—December 30, 1905.

The oldest calves must have been dropped about the first of February, 1905. The date of the mortgage is April 5, 1904. The period of gestation in cows is about nine and one-half months. This leaves a margin of about ten days, which, it is true, is slight, but the burden rested upon the mortgagee to establish the fact that the increase was in actual or potential existence when the mortgage was executed. (*Thorpe Bros. & Co. v. Cowles*, 55 Iowa, 408, 7 N. W. 677.) The hogs were found to be twenty months old December 30, 1905. They were conceived, therefore, about December 30, 1903, several months prior to the date of the .mortgage, and being in potential existence, like a crop of grain the seed of which has sprouted, were properly the subject of a mortgage lien.

The jury found the aggregate value of the hogs and calves to be $180. The value of the calves apart from that of the hogs was not found, nor does the aggregate value of both as found by the jury correspond with the values alleged in the pleadings and affidavit. The judgment is therefore reversed and the cause remanded, in order that the aggregate value of each may be ascertained, and the plaintiff will then be entitled to recover the value of the hogs and the defendant Dickinson the value of the calves.